## Case No. 12,689.

SEYMOUR et al. v. PHILLIPS & COLBY CONST. CO. et al.

[7 Biss. 460; [1] 22 Int. Rev. Rec. 234; 8 Chi. Leg. News. 329.]

Circuit Court, N. D. Illinois. June 30, 1877.

COURTS— FEDERAL JURISDICTION — CITIZENSHIP— SUPERSEDEAS BOND—RULES OF SUPREME COURT.

1. The United States circuit court has jurisdiction of a suit upon a supersedeas bond given in that court, independent of the citizenship of the parties.

[Distinguished in Winter v. Swinburne, 8 Fed. 55.]

2. A rule established by the United States supreme court in pursuance of law, becomes, essentially, a part of the law itself.

The plaintiffs [Mark T. Seymour and others] recovered a judgment in this court against the Phillips & Colby Construction Company, in July, 1873, and thereupon the defendants in that case sued out a writ of error to the supreme court of the United States, and gave a supersedeas bond, to which the defendants in this case are parties, as obligors. The writ of error having been dismissed, and the judgment of this court affirmed [91 U. S. 646], a suit was brought upon the bond given, to which a plea in abatement is put in, alleging that all the plaintiffs and all the defendants are citizens of this state, and that this court, therefore, has no jurisdiction of the case.

Sleeper & Whiton, for plaintiffs.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Dent & Black, for defendants.

DRUMMOND, Circuit Judge. The question is, whether, in consequence merely of the suit being upon a bond given under the circumstances mentioned, this court has jurisdiction of the case, independent of the citizenship of the parties; and I am inclined to think that it has.

[I would state that, in giving this opinion at this time, I do not desire to foreclose any of the rights of the defendants. If, as the result of my opinion, there shall be a finding against them upon the demurrer, there may be a motion made in arrest of judgment, and they may take the opinion of the justice of the supreme court for this circuit, upon the question: and if they should plead to the merits, and an issue shall be found against them before the court or a jury, in that case also, a motion may be made in arrest of judgment, and the opinion of Judge Davis taken upon the question.] [2]

So far as I have been able to investigate the subject, I am of opinion that this court has jurisdiction, on account of the nature of the controversy. I leave out of view one very strong aspect of the case, which was presented by the counsel for the plaintiffs, namely: that growing out of the fact that this may, in one sense, be said to be an incident of the original suit—something inseparably connected with it, and that owing to that circumstance alone, independently of the nature of the controversy, the court might have jurisdiction precisely as it would of a bill filed (connected with a judgment at law), on the equity side of the court, of which, as is well known, the court has jurisdiction, irrespective of the citizenship of the parties. Waiving that view of the case at present, I think the nature of the controversy is such as to give the court jurisdiction.

Section 1000 of the Revised Statutes of the United States, which re-enacts a provision of the act of 1789 [1 Stat. 73] declares that when a judge signs a citation on any writ of error, "he shall take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and. if he fail to make his plea good, shall answer all damages and costs, where a writ is a supersedeas; and stays execution; of all costs only where it is not a supersedeas, as aforesaid." This does not prescribe the particular form of the security. In practice, the security has uniformly been, under this statute. a bond given by the party in the usual form. and because it is such a bond, the defendants contend that the obligations growing out of the bond are of a common law character, and really give rise to no question under the laws of the United States. But it is clear that in one sense the obligation must be determined by the law of the United States, namely. this statute—

"If he fail to make his plea good he shall answer all damages and costs." Now what are those damages and costs must be determined by a construction to be given to this statute, because it is this statute which constitutes the measure of damages, and is the law governing the rights of the parties. Section 1007 of the Revised Statutes is substantially the same as the act of 1789 amended by the act of the 18th of February, 1875 [18 Stat. 315], after the passage of the law authorizing an extension of time to sixty days, to give the bond. What is the law upon the subject can be further ascertained by referring to rule No. 29, adopted by the supreme court of the United States. A rule established by the supreme court of the United States in pursuance of law, becomes, to all intents and purposes, of the same effect as the law itself, and where the court prescribes a rule as to the kind of indemnity that shall be given, then it becomes a rule under the law, and substantially a law of the United States. Now this was a supersedeas bond, and the rule is this: "Supersedeas bonds in the circuit courts must be taken with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ or appeal to effect. and answer all damages and costs if he fail to make his plea good. Such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal," &c. Whatever questions there are, must arise under the law and under this rule. Whenever any question comes up in a controversy between parties upon a bond thus given. what court is to decide it; —what was the intention of the law in relation to the determination of that controversy? Is it not manifest, that if it be true that a state court may have jurisdiction of the case. it is only concurrent with the jurisdiction of the federal court, and that the federal court is peculiarly the tribunal that ought to decide all such questions. because they are questions that arise under the acts of congress, or under rules of court passed in pursuance of acts of congress; and is it not also manifest that if a state court took jurisdiction of such a controversy, that it might ultimately, under the law or under the rule, be carried to the supreme court of the United States? And that position was not seriously controverted in the argument. If that is so. how can the court say, upon the declaration on the bond, that there may not necessarily arise some question which is not a mere common law question, but may become a question under the statutes or under the rule; and must it affirmatively appear before the court can take jurisdiction of the case, that there will be necessarily a question arising under the statutes or under the rule? It was said, and perhaps that constituted the strongest argument on the part of

[2] [From 22 Int. Rev. Rec. 234.]

the defense in presenting the demurrer, that it did not follow, because there was a contract made under an act of congress, or a bond given, that therefore the federal court could necessarily take jurisdiction of the case. Perhaps that is so. The case of Wilson v. Sandford, 10 How. [51 U. S.] 99, was a case where there was a contract made growing out of a patent right, and the court held, where the question was whether or not the supreme court of the United States had appellate jurisdiction in the case, that it had not, because it affirmatively appeared that there was no question arising under the patent law; that it was simply a contract made in relation to a patent right, all questions connected with which were to be determined independently of the statute upon the subject of patents.

Now, if it affirmatively appeared in this case that it was so; if, in other words, it did appear that there was no question arising in this case, either under the act of congress or under the rule of the court, then it might be brought within this decision; but it is manifest that if the question had been in relation to the validity of the assignment of a patent right, then it would necessarily come within the jurisdiction of the federal court, because it would be a question arising under an act of congress covering patent rights. and I apprehend that the supreme court in this case does not intend to intimate that if such a question had come up on the validity of an assignment, as authorized by an act of congress. that the court would not have had appellate jurisdiction of the case, although the amount in controversy might not have been two thousand dollars—the supreme court of the United States having jurisdiction independently of the amount in controversy in patent cases.

The first section of the act of the 3d of March, 1875 [18 Stat. 470], which we have had occasion so often to examine since it was passed, declares that "circuit courts of the United States shall have original cognizance concurrently with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States." Now, is this not a matter in dispute arising under the laws of the United States, as it is presented upon the face of the pleadings? It is an indemnity given in pursuance of a law of the United States; the measure of the liability of the party, and the rights both of the plaintiffs and the defendants, depend upon a law of the United States, and a rule of the supreme court of the United States. It is impossible to take a step in the progress of the cause in order to determine the rights of the parties, without looking at the law and the rule as the guide of the court, and controlling its judgment in the determination of the case.

From the best consideration that I have been able to give this case, therefore, I think that the court has jurisdiction. It is a little singular that no case precisely in this form has been reported.

The argument ab inconveniente is not without weight in determining this question. It is a controversy springing out of a suit already determined in the federal court. It is in one sense an off-shoot of that suit. It would seem upon principle, that this is the proper forum to settle all controversies growing out of that suit. If it were a question connected with an execution, and a bill had been filed, as already stated, this court would be the proper forum to determine any such controversy. This is a bond growing out of that suit; it would seem that this is the proper forum to settle all controversies connected with the execution of the bond, and the rights of the parties, particularly as to the liabilities of the obligors to the bond; so that conceding that it may in one sense be considered a new question, I feel inclined to establish a precedent that the federal court is the proper forum to settle the rights of the parties.

The demurrer, therefore, to the plea in abatement will be sustained, reserving the right to the defendants to move in arrest of judgment.

[NOTE. The cause was afterwards tried by a jury, resulting in a verdict and judgment for defendants (Case No. 12,686). which judgment, after a motion for new trial had been denied, was affirmed by the supreme court (case unreported).]