## Case No. 558.

### ARNOLD et al. v. FROST et al.

[9 Ben. 267.] [1]

District Court, S. D. New York. Dec., 1877.

#### BOND ON APPEAL.

1. On an appeal to the circuit court from a final decree in a suit in equity in this court, the defendant F. executed a bond, with three sureties, to three obligees, who were the plaintiffs in said suit, conditioned "that if the above-named appellant shall prosecute said appeal with effect, and pay all damages and costs which shall be awarded against him as such appellant therein, if he shall fail to make said appeal good," the bond should be void. After the affirmance of the decree by the circuit court, two of the three obligees brought a suit on it in this court against the obligors, to recover on it: Held, that this court had jurisdiction of the suit.

2. That the plaintiffs could sue jointly on the bond.

3. That, where the terms of a bond on appeal comply with the provisions of section 1,000, Rev. St., in regard to a supersedeas and stay of execution, the bond operates as a supersedeas and stay of execution, without any order to that effect.

In a suit in equity in this court, [by Olney Arnold and Alfred H. Littlefield against Jonathan F. Frost and others,] the defendant Frost, after a final decree, took an appeal to the circuit court. On such appeal he executed a bond, with three sureties, to three obligees, who were the plaintiffs in said suit, conditioned "that if the above-named appellants shall prosecute said appeal with effect, and pay all damages and costs which shall be awarded against him as such appellant therein, if he shall fail to make said appeal good," the bond should be void. A citation on the appeal was then issued. The circuit court affirmed the decree, with costs to the appellees. Two of the three obligees in the bond brought a suit on it, in this court, against the principal and the sureties, to recover on it. Among the defences set up were these—that this court had no jurisdiction of the suit, and that the interests of the plaintiffs were not joint but several, and they could not bring the suit jointly.

Francis N. Bangs, for plaintiffs.
Elliott F. Shepard, for defendants.

BLATCHFORD, District Judge. This court has jurisdiction of this suit. It is not an original suit, but is an offshoot or out-branch of the suit in which the bond was given, and jurisdiction of that suit gives jurisdiction of the subject-matter of this suit, the defendants having been duly served with process in this suit. Jones v. Andrews, 10 Wall. [77 U. S.] 327; Christmas v. Russell, 14 Wall. [81 U. S.] 69; Bobyshall v. Oppenheimer, [Case No. 1,592;] Hatch v. Dorr, [Id. 6,206;] Gwin v. Breedlove, 2 How. [43

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

U. S.] 29; Dunn v. Clarke, 8 Pet. [33 U. S.] 1.

Arnold and Littlefield had a sufficient joint interest with each other and with the Savings Bank, under the transactions ·litigated in the original suit, to bring that suit in their joint names, and the defendants gave their bond to the three parties jointly. This is sufficient warrant for the only two of those three parties who now claim any interest in the bond, to bring suit on it in their joint names.

Under section 1000, of the Revised Statutes, the security to be taken on signing a citation on an appeal is good and sufficient security that the appellant shall prosecute his appeal to effect, and, if he fail to make his plea good, shall "answer all damages and costs," where the appeal "is a supersedeas and stays execution, or all costs only, where it is not a supersedeas as aforesaid." Section 1000 is applicable to the present case. (See sections 1012 and 4981 and General Order No. 26, in bankruptcy.) It is contended, for the defendants, that a bond on appeal is not a bond for any part of the decree below, unless it operates as a supersedeas and stay of execution and as an agreement to pay the decree; that the bond in this case did not so operate; and that, for the bond to operate as a supersedeas, there must be an order to that effect.

It is well settled, that an appeal becomes a supersedeas and stays execution in the court which rendered the decree, not by virtue of any order to that effect, but by virtue of a compliance with the conditions prescribed by the statute. When those conditions are complied with, the statute operates to suspend the jurisdiction of the court below, and to stay execution in the case, pending the appeal. The Slaughterhouse Cases, 10 Wall. [77 U. S.] 289, 291; Kitchen v. Randolph, 93 U. S. 88; Goddard v. Ordway, 94 U. S. 673. The terms of the condition of the bond in this case made the bond operate as a supersedeas and stay of execution, without any order to that effect; and the obligors in the bond are liable to the. extent of the penalty of the bond, the decree having been affirmed on appeal, for all damages and costs which have been awarded against Frost, as appellant.