SIMONTON, Circuit Judge.
This case comes up on appeal from the circuit court of the United States for the district of West Virginia. The bill was filed originally in the circuit court for Wayne county, state of West Virginia. The complainants are citizens and taxpayers of the town of Ceredo, situated in Wayne county, and the defendants are the Society for Savings, a corporation of the state of Ohio, the county court of Wayne county, and the sheriff of that county. The prayer of the bill is for an injunction against these defendants forbidding them from levying a tax upon the taxable property within the town of Ceredo, in obedience to the exigency of a writ of mandamus issued out of the circuit court of the United States for the district of West Virginia, and directed to the said county court, instructing it to levy a tax on the taxable property of the county for the purpose of paying a judgment of the federal court against the county.
The facts of the case are these: The town of Ceredo was incorporated by an act of the legislature of West Virginia passed the 23d of February, 1866. By the twenty-eighth section of this act it is declared that the said town and taxable persons and property therein *582 shall he exempt from all expense and liability for the construction or repair of roads or bridges within said county, but outside the corporate limits of said town, provided, however, that the said town shall keep its streets and alleys in good order, and provide for its own poor. This proviso has been fulfilled by the authorities of the said town from the date of the incorporation to this time. Between the years 1880 and 1884 the county court of Wayne county issued certain coupon bonds of the county for the purpose of constructing and repairing bridges and roads in the county. The whole issue was taken up by the Society for Savings, and the money therefor paid into the treasury of the county. The question of the issue of these bonds was never submitted to a vote of the people of the county, and their validity was attacked on that ground. The circuit court of the United States, for the district of West Virginia, upon the case made, held that the bonds were illegal, null, and void; but the court further held that, inasmuch as the county received from the Society for Savings the money for the bonds ex sequo et bono, the society was entitled, at the hands of the county, to the return of the money as for money had and received. The case having been taken to the supreme court of the United States, this decision of the circuit court was affirmed by a divided court. Judgment was entered accordingly in the circuit court, and a mandamus was sued out directed to the county court to levy a tax on the taxable property of the county for the purpose of paying this judgment. The county court was proceeding' to obey this mandamus, and thereupon the complainants filed their bill in the state court seeking an injunction against the levy upon so much of the taxable property of the county as was within the corporate limits of the town of Oeredo. They rely upon the exemption in the charter of the town above quoted. The cause having been removed into this court, they set up the same exemption, and they also deny the jurisdiction of the court.
As this second ground lies at the threshold it will be considered first. No motion to remand the cause has ever been made. This-delay would defeat the right to remand in some instances. French v. Hay, 22 Wall. 244. But, as the objection goes to the jurisdiction of the court, it must be met and decided. The objection is that the complainants and the county court, as well as the sheriff of Wayne county, defendants, are all citizens of the state of West Virginia, and, there being no separable controversy, this court has no jurisdiction. But the proceeding is brought to enjoin a mandamus issued out of the circuit court of the United States. Mandamus is the remedy that court must adopt for the collection of a judgment against the municipal corporation. Riggs v. Johnson Co., 6 Wall. 166; Cass Co, v. Johnston, 95 U. S. 360; U. S. v. New Orleans, 98 U. S. 381; Smith v. Bourbon Co., 127 U. S. 105, 8 Sup. Ct. 1043. This proceeding is in the nature of an execution. The rights of the parties to the judgment in respect of its subject-matter are fixed by its rendition. City of Chanute v. Trader, 132 U. S. 210, 10 Sup. Ct. 67. This being sor the proceeding in the state court involves the enforcement of a judgment of the United States circuit court, acting under the constitution and laws of the United States, and it is, therefore, a question *583 arising under that constitution and those laws, and so within the jurisdiction of the federal court.
The other objection is this: The judgment is a liability created by the county court for the purpose of building and repairing, the roads and bridges of the county outside the limits of the town of Ceredo, and from such liability the town is exempted by its charter. No mandamus to aid in the collection of the judgment against a municipal corporation can be limited in its mandate only by what the judgment itself declares. Harshman v. Knox Co., 122 U. S. 306, 7 Sup. Ct. 1171. The rights of the parties to the judgment in respect to the subject-matter are, as has been said, fixed by its rendition. City of Chanute v. Trader, supra. The judgment in the enforcement of which the mandamus operates as an execution is against the county of Wayne,—the whole county. The subject-matter of the judgment is money of the Society for Savings in the hands of the county, which, ex sequo et bono, does not belong to the county, but which the county must return to the Society for Savings. It is not money applicable to the construction and repair of roads and bridges. It is money not disposable by the county at all. The only connection the county has with it is the duty and obligation to return it. Under these circumstances, the exemptions in the charter of the town cannot avail to protect the town of Ceredo from its share in the liability of the county,—a liability adjudged against the county without qualification. It has been urged at the bar that this exemption in the charter of the town of Ceredo has been repealed by chapter 43 of the Code of West Virginia. On this point no opinion is expressed. Nor is any opinion expressed upon the right of the town of Ceredo in some other proceeding to adjust such equities as may exist between it and the remainder of the county. It is enough to say that on the case made here the complainants below (appellants here) are not entitled to the injunction prayed for. The decree of the circuit court is affirmed.