## CRANE v. BUCKLEY et al.

(Circuit Court, N. D. California. December 10, 1900.)

No. 12,884.

REMOVAL OF CAUSES—FEDERAL QUESTION—ACTION ON SUPERSEDEAS BOND.

An action on a supersedeas bond given on an appeal from the decree of a circuit court to the circuit court of appeals, in accordance with Rev. St. § 1000, to recover the damages sustained by the appellee, is one involving questions arising under the laws of the United States, and is removable into the federal court.[1]

On Motion to Remand to State Court.

Mullany, Grant & Cushing, for plaintiff.

Sullivan & Sullivan and Theodore J. Roche, for defendants.

MORROW, Circuit Judge. It appears that an action was brought by the above-named plaintiff against the defendant Cornelius F. Buckley in the circuit court of the United States for the Southern district of California, wherein a judgment was rendered in favor of the plaintiff, but allowing the defendant the equitable privilege of completing the purchase of certain of plaintiff's property in accordance with the terms of a certain agreement, and specifying January 1, 1899, as the limit of duration of such privilege. From this judgment an appeal was taken to the United States circuit court of appeals (38 C. C. A. 688, 97 Fed. 980), a bond being given by the defendants herein (C. F. Buckley as principal, and Rudolph Spreckels and Timothy Hopkins as sureties) in the sum of $8,000, wherein it was recited:

"Now, the condition of the above obligation is such that, if the said C. F. Buckley shall prosecute his appeal to effect, and shall answer all damages and costs that have been and shall be awarded against him if he fails to make his appeal good, and if he shall answer all damages that shall accrue to the said respondent by reason of the value of the use and occupation of the land and premises from the time of said appeal, until the delivery of possession thereof to said Henry A. Crane, and for all waste committed thereon, then the above obligation to be void; else to remain in full force and effect."

On October 2, 1899, the circuit court of appeals affirmed the judgment of the lower court, and upon October 19, 1899, on the hearing of a petition for a rehearing of the case, modified its former decree as follows:

"Cause remanded to the court below, with directions to substitute for the 1st day of January, 1899, the 1st day of November, 1899, within which the payments therein provided for are permitted to be made; and, as so modified, the decree is affirmed."

The defendant Buckley did not complete the purchase of the property by making the payments above referred to, and on or about the day specified in said modified decree surrendered the possession of said property to the plaintiff. Plaintiff then brought suit in the superior court of the state to recover from the defendants herein, upon their said bond, the value of the use and occupation of said

[1] Jurisdiction of federal courts in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

property from the 1st day of January, 1899, to the 1st day of November, 1899 (the extension of time allowed by the court of appeals within which to make payments in completion of purchase, under agreement), and for recovery of damages sustained by reason of waste committed upon said property by the defendant Buckley during said time. Upon the petition of the defendants the suit was transferred to this court upon the allegation that the determination of their liability upon said bond depends upon the construction of an act of congress, namely, section 1000 of the Revised Statutes. The case is now before this court upon plaintiff's motion to remand the cause to the state court. In support of this motion the plaintiff contends that the defendants' liability arises exclusively under their own contract as contained in the supersedeas bond, and therefore the determination of such liability is not dependent upon the construction of any United States law. The section of the Revised Statutes upon the construction of which the jurisdiction of this court is sought to be established is the following:

"Sec. 1000. Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution."

The writ in this case was a supersedeas, and the security given therefor extended to damages as well as to costs. The question for determination is, has this court jurisdiction of the action? It has been held that such a controversy is one springing out of a suit already determined in the federal court, and is in one sense an offshoot of that suit (Seymour v. Construction Co., Fed. Cas. No. 12,689, 7 Biss. 460); and, further, in the same case, that a supersedeas bond is an indemnity given in pursuance of a law of the United States. The measure of the liability of the party and the rights of both plaintiff and defendant depend upon a law of the United States and a rule of the supreme court of the United States (No. 29). 3 Sup. Ct. xvi. It is impossible to take a step in the progress of a suit brought upon such a bond in order to determine the rights of the parties without looking at the law and the rule as the guide of the court, and controlling its judgment in the determination of the case. And in Arnold v. Frost, Fed. Cas. No. 558, 9 Ben. 267,—a suit for recovery on a bond given on appeal,—the court in positive terms declared it to be, not an original suit, but an offshoot or outbranch of the suit in which the bond was given, and that jurisdiction of the original suit gave jurisdiction over the subject-matter of the suit on the bond. The action under consideration is based upon proceedings in the United States circuit court acting under authority conferred by a law of the United States and a rule of the circuit court of appeals (No. 13). 31 C. C. A. cliii., 90 Fed. cliii. It therefore presents a question arising under the laws of the United States, and so within the jurisdiction of this court. First Nat. Bank of Ceredo v. Society for Savings, 25 C. C. A. 466, 80 Fed. 581. Upon the doctrine announced in the foregoing cases the motion to remand the cause to the state court will be denied.