WILLIAM JOHNSTON v. JOHN W. BOWERS.

Submitted March 19, 1903—Decided June 8, 1903.

The equitable control of the court over its own proceedings, judgments and process enables the court to stay entry and execution of judgment upon a verdict recovered by the plaintiff in an action upon contract, until the plaintiff does equity by remitting the amount of a liquidated credit admittedly due to the defendant, and entered upon the bill of particulars annexed to the declaration, where, by inadvertence, at the trial the credit was not called to the attention of the court or jury, and so did not enter into the consideration of the jury in the making up of the verdict.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Samuel D. Oliphant, Jr.*

For the defendant, *John Sykes.*

The opinion of the court was delivered by

PITNEY, J. By the bill of particulars attached to and filed with the plaintiff's declaration it appears that his claim against the defendant was made up as follows:

"For work done and materials furnished by plaint-
iff for defendant in the building of a school-
house, under contract................... $3,520 00
For work and materials not included in the con-
tract ............................... 319 85

$3,839 85

Credit due defendant against above account for
work done and materials furnished by de-
fendant for plaintiff .................... 259 98

$3,579 87"

By the admitted state of facts it appears that upon the trial there was a dispute between the parties as to the sufficiency of the contract work done by the plaintiff, and also a dispute as to the items of extra work. By oversight the credit item of $259.98 was not called to the attention of either court or jury, and so did not enter into the consideration of the jury in the making up of their verdict. The verdict was for $3,520.40, which included $115.60 for interest. It thus appears that, as a result of the trial, the plaintiff's claim of $3,839.85 was reduced to $3,404.80, to which was added $115.60 for interest thereon, making up the verdict of $3,520.40; and that the verdict gives no credit to the defendant for his counter-claim.

Defendant asks for a new trial on the ground that, through accident, an injustice has thus been done to him. But no complaint is made that injustice was done to either party with respect to those matters that were submitted to the consideration of the jury. Upon the agreed state of facts we are bound to assume that the verdict is correct so far as it goes. Therefore neither party ought to be put to the expense and hazard of a new trial, upon the matters thus controverted and concluded, if a just result can be otherwise reached.

Under section 237 of the Practice act (*Gen. Stat., p.* 2572) the plaintiff may annex to his declaration a schedule containing the particulars of his demand, and in such case the defendant is not at liberty to make the statutory demand for a bill

of particulars, under section 236, and thereby stay the time for pleading. But, by the express terms of section 237, "the party so annexing the same shall be bound thereby, unless, in case of surprise or for other good cause, the court shall give relief." The effect of such a bill of particulars is not to enlarge or limit the averments of the pleading, as a pleading, unless anything thus annexed is referred to in the body of the pleading as so annexed, under section 123 of the Practice act. *Harrison* v. *Vreeland,* 9 *Vroom* 366; *Brown* v. *Warden,* 15 *Id.* 177; *Metzger* v. *Credit System Co.,* 30 *Id.* 340; *Snyder* v. *Merchants Insurance Co.,* 30 *Id.* 69; *Voorhees* v. *Barr, Id.* 123; *Melick* v. *Foster,* 35 *Id.* 394; *Shelmerdine* v. *Lippincott,* 40 *Id.* 82. But the bill of particulars limits and defines, for the purposes of trial, the scope of the plaintiff's claim, and any credits thereon allowed are, of course, evidential against the plaintiff. *Boody* v. *Pratt,* 35 *Id.* 281; *S. C.* (at a later stage), 39 *Id.* 295.

The suggestion that the credit item here in question is of such a character as to constitute a cross-demand on the part of the defendant against the plaintiff, and ought to have been pleaded as a set-off, under the statute (*Gen. Stat., p.* 3109), is without force. In order to avoid circuity of action, the act treats a set-off in effect as a payment on account. The earlier statute upon the same subject, passed November 1st, 1797 (*Pat. L., p.* 254; *Rev.* 1821, *p.* 305; *Rev. Stat.* 1847, *p.* 804, § 11), required the defendant to plead payment and give notice of the set-off thereunder—a method of pleading that is still commonly followed, although, perhaps, not compulsory under our present act concerning set-off. But where the plaintiff himself acknowledges the subject-matter of the set-off, and treats it in his bill of particulars as a payment on account, by applying it as a credit upon the amount of his demand, it seems unnecessary to cumber the record by requiring the defendant to file any special plea. Were we of a different opinion, we would, of course, permit the defendant to amend his pleadings.

As it is admitted that the defendant is, in truth, entitled to the credit, we see no difficulty in dealing with the matter

directly, upon the equity of the act concerning set-off, precisely as if the defendant's claim had been established by judgment. *State* v. *Welsted,* 6 *Halst.* 397.

It is the established practice of courts of law to exercise such control over their own proceedings, judgments and process as to see that justice and equity are done with respect to the disposition of the proceeds of a judgment. Thus, before choses in action were made assignable at law, the law courts constantly recognized equitable assignments and protected the rights of the assignee by dealing with him as the party really entitled to enforce the cause of action and to receive the beneficial proceeds thereof. *Belton* v. *Gibbon,* 7 *Halst.* 76; *Sloan* v. *Sommers,* 2 *Gr.* 509, 512; *Parsons* v. *Woodward,* 2 *Zab.* 196, 206; *Terney* v. *Wilson,* 16 *Vroom* 282; *Brown* v. *Dunn,* 21 *Id.* 111; *Sullivan* v. *Visconti,* 39 *Id.* 543, 549. Instances of the control exercised by the court over the funds produced by execution, in distributing them among successive execution creditors, are found in *Stebbins* v. *Walker,* 2 *Gr.* 90, and *Cox* v. *Marlatt,* 7 *Vroom* 389. The power of the court to order one judgment to be set off against another is an exercise of the same equitable control. *Brown* ads. *Hendrickson,* 10 *Id.* 239; *McAdams* v. *Randolph,* 13 *Id.* 332; *Brookfield* v. *Hughson,* 15 *Id.* 285; *Schautz* v. *Kearney,* 18 *Id.* 56. The attorney's so-called lien upon the proceeds of the suit for payment of his taxed costs (*Braden* v. *Ward,* 13 *Id.* 518; *Phillips* v. *MacKay,* 25 *Id.* 319), except where those proceeds have come into his hands, is, in truth, only a right to call upon the court for the exercise of its equitable control in favor of the attorney, as was pointed out by Mr. Justice Dixon in *Delaney* v. *Husband,* 35 *Id.* 275.

In the present action the plaintiff, by his bill of particulars, has, in effect, declared himself to be a trustee for the defendant with respect to so much of his own claim as may be necessary to satisfy the defendant's admitted claim against him. Through inadvertence at the trial the plaintiff's claim only was litigated by the parties and established by the verdict, but the defendant's claim still stands admitted, and he has had no benefit of it. The right of the court to amend

the verdict without consent of the plaintiff may be doubtful. But there is no doubt of our right and duty to stay entry and execution of the judgment until the plaintiff does equity to the defendant by remitting the amount of the credit conceded in the bill of particulars—that is, the sum of $259.98, with interest thereon from the commencement of the suit until the term to which the postea was returned. If the defendant wishes to make himself secure against litigation in another jurisdiction, he may do so by paying into court the balance due to the plaintiff, whereupon judgment will be entered upon the verdict and an entry of satisfaction will at the same time be made.

An order to the above effect will be made, without costs to either party upon this rule.