### AMERICAN SURETY CO. OF NEW YORK v. SHULTZ.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 135.

1. COURTS ⊚⟶284—FEDERAL COURTS—JURISDICTION—"ARISING UNDER LAWS OF UNITED STATES."

An action to enforce liability on a bond given in a proceeding in a federal court arises under the laws of the United States, of which a United States court has jurisdiction, irrespective of the citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–826, 831; Dec. Dig. ⊚⟶284.

For other definitions, see Words and Phrases, First and Second Series, Arise.]

2. COURTS ⊚⟶264—FEDERAL COURTS—JURISDICTION—"ORIGINAL SUIT."

A suit on a bond given on appeal in a suit in a federal court is not an "original suit," and the jurisdiction of the original suit gives jurisdiction over the subject-matter of the suit on the bond.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. ⊚⟶264.

For other definitions, see Words and Phrases, First and Second Series, Original Suit.]

3. COURTS ⊚⟶284—FEDERAL COURTS—JURISDICTION.

A supersedeas bond to secure a stay pending a review by the United States Circuit Court of Appeals of a judgment of the District Court is an indemnity given in pursuance of a law of the United States, and the rights of the parties depend on a law of the United States and rule of the Supreme Court, within the rule governing jurisdiction of federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–826, 831; Dec. Dig. ⊚⟶284.]

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from a judgment entered in the United States District Court for the Southern District of New York dismissing the bill of complaint on the ground of the insufficiency of the facts alleged to constitute a valid cause of action in equity.

Henry C. Willcox, of New York City, Charles F. Carusi, of Washington, D. C., and Walter B. Grant, of Boston, Mass. (Joseph M. Gazzam, of New York City, of counsel), for appellant.

Kellogg & Rose, of New York City (Abram J. Rose and Philip M. Brett, both of New York City, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.    This suit was instituted to obtain an injunction restraining the prosecution of an action at law commenced by the defendant against the plaintiff on a supersedeas bond given by the plaintiff as surety to secure a stay pending a review by this court on writ of error of a judgment of the District Court for $25,106.50 in favor of George S. Shultz against James A. Whitcomb as guarantor for the faithful performance of a contract between the Robertson Sales Company and the Great American Automatic Vending Machine Company for the manufacture of vending machines.

[1-3] The technical objection has been raised that the District Court had no jurisdiction of the action on the supersedeas bond because no diversity of citizenship was alleged, and the plaintiff was and is still a corporation organized under the laws of the state of New York, while the defendant was and is a citizen of the city, county, and state of New York and a resident thereof. The objection is without merit. An action brought to enforce liability on a bond given in a proceeding in a federal court is an action arising under the laws of the United States, of which a United States court has jurisdiction, irrespective of the citizenship of the parties. The authorities are decisive of the point, and the question cannot be regarded as in any sense an open one. A suit on a bond given on appeal is not an original suit, but an outbranch of the suit in which the bond was given, and the jurisdiction of the original suit gives jurisdiction over the subject-matter of the suit on the bond. The bond is an indemnity given in pursuance of a law of the United States, and the measure of the rights of both parties depend upon a law of the United States and a rule of the Supreme Court of the United States. In such a case, as a question is presented which arises under the laws of the United States, the courts of the United States have jurisdiction. Arnold v. Frost, 9 Ben. 267, Fed. Cas. No. 558 (1877); Crane v. Buckley (C. C.) 105 Fed. 401 (1900); Egan v. Chicago, Great Western (C. C.) 163 Fed. 344 (1908).

The facts upon which the suit is founded are identical with the facts alleged in the complaint in the suit of Whitcomb v. Shultz, 223 Fed. 268, —— C. C. A. ——, decided by this court during the present term, except that in the present suit the additional contention has been made, which we have already considered, that the District Court was without

jurisdiction because no diversity of citizenship has been alleged. This case was submitted at the same time the case of Whitcomb v. Shultz was argued, and, as the facts are fully stated in our opinion in that case, no repetition of them in this case is needed. As we reached the conclusion in that case that the alleged misrepresentations relied upon related to immaterial and irrelevant facts, and afforded no ground for equitable relief from the judgment which Shultz had obtained at law against Whitcomb, it necessarily follows that no error was committed in the court below in dismissing the bill of complaint by which the American Surety Company sought to be relieved from its liability as surety for Whitcomb upon the supersedeas bond given by Whitcomb to Shultz. As Whitcomb failed to be relieved, and the matter of his liability has been determined, the plaintiff in the present suit is not entitled to the relief it seeks, as it can now safely pay to Shultz the amount due to him under the bond.

Judgment affirmed.