CAMDEN CITY DISTRICT COURT.

GEORGE FERRIS, PLAINTIFF, v. LOUIS R. MANCINE, DEFENDANT.

Decided March 30, 1944.

For the plaintiff, *Francis J. Smith.*

For the defendant, *Harry M. Mendell.*

MARTINO, D. C. J.  Judgment was entered in behalf of the plaintiff, George Ferris, in the Camden City District Court on February 18th, 1944.  On February 29th, 1944, the plaintiff levied an execution upon a bank account of the defendant. Subsequent thereto but on the same day the defendant filed a notice of appeal and a bond approved by this court, pursuant to *R. S.* 2:32–206; *N. J. S. A.* 2:32–206.  The notice of appeal was filed within the time provided by law.  Defendant made application to discharge the levy upon his bank account, and plaintiff offers resistance to the application.

Neither counsel produces any positive statement of law authorizing the court to discharge a levy on personal property, which levy is made before a timely notice of appeal and bond

are filed. It is true that *R. S.* 2:32–2; *N. J. S. A.* 2:32–2, provides that "except where there is an express provision of law providing otherwise the practice and procedure in the Circuit Courts which, in so far as applicable apply to the District Court." Counsel for defendant cites *R. S.* 2:27–374; *N. J. S. A.* 2:27–374, which only provides for a court order discharging *real estate* of appellant from the lien of the judgment appealed from after appellant has complied with the provisions of that act upon posting of a proper amount to secure the payment of such an amount as may finally be determined and ascertained to be due in the action with the clerk of the Supreme Court, Circuit Court or Court of Common Pleas. This statute pertains to real estate and is not applicable.

*R. S.* 2:32–208; *N. J. S. A.* 2:32–208, provides that an appeal to the Supreme Court as herein authorized shall operate as a stay of proceedings only after security given or money paid into court as provided by section 2:32–206. Nowhere in the District Court Act or in the statutes covering the other law courts is there a provision which will give the judgment-debtor herein involved the relief he asks. Since there is no positive right outlined in the law the power of giving this relief must, if it exists at all, arise in some equitable control of a law court over its own proceedings.

The levy was issued by the District Court. Its execution was consummated by duly authorized officers of the District Court. The money is presently within the control of the District Court. The timely and proper steps in the appeal prohibit any further proceedings in the execution. The bond filed and approved by the judge of the court will insure the payment of the judgment should the appeal be discontinued or dismissed. No harm can therefore befall the judgment creditor. The defendant in the meantime is handicapped with an arrested bank account. It is the established practice of courts of law to exercise such control over their own proceedings, judgments and processes as to see that justice and equity are done with respect to the disposition of the proceeds of a judgment. *Johnston* v. *Bowers,* 69 *N. J. L.* 544; 55 *Atl. Rep.* 230.

It is well settled that courts of law have a summary jurisdiction of an equitable nature exercised through stay of execution *and the like* for the purpose of preventing its own judgments and processes from being made the means of working injustice. *Miller* v. *Barber,* 73 *N. J. L.* 38; 62 *Atl. Rep.* 276. Instances of the control exercised by the court over the funds produced by execution, in distributing them among successive execution creditors are found in *Stebbins* v. *Walker,* 14 *N. J. L.* 90; 25 *Am. Dec.* 499, and *Cox* v. *Marlatt,* 36 *N. J. L.* 389; 13 *Am. Rep.* 454. The power of the court to order one judgment to be set off against another is an exercise of the same equitable control. *Hendrickson* v. *Brown,* 39 *N. J. L.* 239.

Therefore it is concluded that until the process was finally executed, that is, the money paid to the judgment creditor, control does exist in this court to summarily discharge the levy on the personal property and to that end I shall sign an order upon its presentation.