**Ejner J. JOHNSON, Motor Vehicle Administrator**

v.

**ALEXANDRIA SCRAP CORPORATION.**

Civ. No. K-77-66.

United States District Court, D. Maryland.

Dec. 19, 1977.

Francis B. Burch, Atty. Gen. of Md., William M. Huddles, Glenn E. Bushel, Thomas C. Lederman, Asst. Attys. Gen., Baltimore, Md., for plaintiff.

Norman P. Ramsey, H. Thomas Howell and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

On March 12, 1975, in *Alexandria Scrap Corporation v. Hughes*, 391 F.Supp. 46 (D.Md.1975), sometimes referred to herein as the 1974 case, a three-judge court enjoined defendants therein. Those defendants were officials of the State of Maryland, one of whom is the Administrator of the Motor Vehicle Administration of the State of Maryland, plaintiff herein. The defendants in the 1974 case were enjoined from enforcing certain provisions of a Maryland statute which would otherwise have rendered plaintiff in that case, Alexandria Scrap Corporation (Alexandria), defendant herein, ineligible to receive certain payments from the State of Maryland. The state officials successfully appealed from that injunction, in the 1974 case, to the Supreme Court of the United States, which, on July 21, 1976, issued its mandate reversing the said March 12, 1975 judgment and remanding the 1974 case "for further proceedings in conformity with the opinion of this Court."[1] Thereafter, a dispute arose regarding the rights of the State of Maryland to recover payments made by it, in accordance with this Court's erroneous decree, to Alexandria during the period between March 12, 1975 and July 21, 1976. The three-judge Court, on July 22, 1977, dissolved itself and assigned those issues to the undersigned Judge of this Court, sitting as a single District Judge, holding, *inter alia:*

> The question of the constitutionality of the Maryland statutory provisions originally challenged by plaintiff has been settled by the Supreme Court, and there remain for decision only damage-type is-

sues, none of which would give rise to injunctive relief against the enforcement of a state statute. Thus, the final disposition of the remaining issues which this case presents does not require the continued existence of a three-judge court.

Meanwhile, on December 23, 1976, plaintiff Johnson, in his official capacity as the Motor Vehicle Administrator of the State of Maryland, instituted the within new case against Alexandria in the Circuit Court for Anne Arundel County, Maryland, alleging that "Plaintiff, on behalf of the Motor Vehicle Administration, is entitled to restitution from the Defendant [Alexandria] in the amount of $130,624.00, which sum represents monies paid to the defendant by the Motor Vehicle Administration pursuant to an injunction which was determined by the Supreme Court of the United States to have been wrongfully issued by the United States District Court" and contending that "[i]n light of the Supreme Court's reversal of the District Court's decision, the Defendant must, in equity and good conscience, restore the Motor Vehicle Administration to everything of value which was obtained as a result of the District Court's erroneous judgment."

On January 7, 1977, defendant, relying upon 28 U.S.C. § 1441, removed the within case to this Court. Subsequently, plaintiff timely moved to remand to the Circuit Court for Anne Arundel County. Alexandria opposes that motion to remand, asserting that the removal is proper.[2]

28 U.S.C. § 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the

---

1. The Supreme Court's mandate is attached to this opinion. The relevant and material facts and underlying issues in the 1974 case are set forth in the Supreme Court's opinion (*Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 96 S.Ct. 2488, 49 L.Ed.2d 220 (1976)) and in the reversed opinion of this Court. They will not be repeated or again discussed herein.

2. Alexandria, subsequent to plaintiff's filing in this case of the motion to remand, filed a motion in the 1974 case seeking supplemental and declaratory relief as to Alexandria's rights to retain and/or recover payments from the State

of Maryland relating to the period subsequent to March 12, 1975. That quest for relief by plaintiff requires resolution of the issues raised in the within case by plaintiff Johnson.

In addition to opposing plaintiff's remand motion in this case, Alexandria seeks secondarily, in the event plaintiff's remand motion is granted, to have this Court order in the 1974 case a stay of proceedings in this case in the Circuit Court for Anne Arundel County. That "stay" issue need not be resolved, in view of this Court's holding in this case.

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Alexandria is a Virginia corporation. Seemingly, its principal place of business is not in Maryland. In this instance, however, it is not necessary to determine whether removal is authorized by the second sentence of section 1441(b) since herein this Court holds that the first sentence of section 1441(b) is applicable.

 Plaintiff in this case seeks restitution of monies paid pursuant to this Court's prior erroneous injunction. That claim in and of itself states a federal question which brings into existence subject matter jurisdiction under 28 U.S.C. § 1331. Simply stated, a federal district court has jurisdiction in the same case or in a subsequent case to correct its own errors, particularly when it is directed so to do by the Supreme Court of the United States. That direction, originally issued to the three-judge Court, now is imposed, following the self-dissolu-

tion of that Court, on this single-judge District Court. *See Public Service Commission of Missouri v. Brashear Freight Lines, Inc.,* 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083 (1941).[3]

In *Arkadelphia Milling Co. v. St. Louis Southwestern Railway Co.,* 249 U.S. 134, 39 S.Ct. 237, 63 L.Ed. 517 (1919), a federal district court, in two suits filed by two railway companies, enjoined enforcement of certain railroad rates set by a state regulatory commission. The Supreme Court reversed the injunctions and remanded the case to the district court with directions "to dismiss the bill" and to conduct such further proceedings as " 'ought to be had.' " 249 U.S. *supra* at 139, 39 S.Ct. 237. The district court conducted such proceedings and subsequently ordered the railroad companies to make certain refunds to customers. The parties aggrieved by that order sought to appeal directly to the Supreme Court. In permitting that direct appeal the Supreme Court wrote (at 142, 39 S.Ct. at 240):

> The present appeals relate to a decree made in a subordinate action ancillary to the main causes, in which, as has been stated, the federal jurisdiction was invoked solely upon the ground that the cases arose under the Constitution of the United States. It has been held repeatedly that jurisdiction of subordinate actions is to be attributed to the jurisdiction upon which the main suit rested, and hence that where jurisdiction of the main cause is predicated solely on diversity of citizenship and the decree therein is for this reason made final in the circuit court of appeals, the judgments and decrees in the ancillary litigation also are final. * * [citations omitted]

> The proceeding out of which the decree now in question arose was not merely ancillary but was in effect a part of the main causes, taken for the purpose of carrying into effect the decrees of this court reversing the final decrees in the

---

**3.** *See also Bond v. White,* 508 F.2d 1397 (5th Cir. 1975); *Pabst v. Campbell,* 150 F.Supp. 71 (S.D.Ind.1957) (three-judge court); *Davis v.* *County School Board of Prince Edward County, Virginia,* 142 F.Supp. 616 (E.D.Va.1956) (Parker, J.) (three-judge court).

main causes and, at the same time, for the purpose of giving effect to a reservation of jurisdiction by the court below as contained in those final decrees. The supplementary decree that is now before us, since it simply brings to a conclusion those former suits pursuant to our decrees therein, must be treated as involving the construction and application of the Constitution of the United States and as being made in a case in which a state law was claimed to be in contravention of the Federal Constitution, within the meaning of § 238, Judicial Code.

In the course of discussing the merits of the case, Mr. Justice Pitney further held (at 145–46, 39 S.Ct. at 242) that the refund claims were:

allowable against the railway companies themselves upon the principle, long established and of general application, that a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby. This right, so well founded in equity, has been recognized in the practice of the courts of common law from an early period. Where plaintiff had judgment and execution and defendant afterwards sued out a writ of error, it was regularly a part of a judgment of reversal that the plaintiff in error "be restored to all things which he hath lost by occasion of the said judgment"; and thereupon, in a plain case, a writ of restitution issued at once; but if a question of fact was in doubt, a writ of *scire facias* was first issued. *Anonymous*, Salk. 588; citing *Goodyere v. Ince*, Cro. Jac. 246; *Sympson v. Juxon*, Cro. Jac. 698; *Vesey v. Harris*, Cro. Car. 328; see also Lil. Ent. 641, 650; Arch. Append. 195, 200. The doctrine has been most fully recognized in the decisions of this court. *Bank of the United States v. Bank of Washington*, 6 Pet. 8, 17, [8 L.Ed. 299]; *Erwin v. Lowry*, 7 How. 172, 184, [12 L.Ed. 655]; *Northwestern Fuel Co. v.*

*Brock*, 139 U.S. 216, [11 S.Ct. 523, 35 L.Ed. 151];

That a course of action so clearly consistent with the principles of equity is one proper to be adopted in an equitable proceeding goes without saying. It is one of the equitable powers, inherent in every court of justice so long as it retains control of the subject-matter and of the parties, to correct that which has been wrongfully done by virtue of its process. *Northwestern Fuel Co. v. Brock*, 139 U.S. 216, 219 [11 S.Ct. 523, 35 L.Ed. 151]; *Johnston v. Bowers*, 69 N.J.L. 544, 547, 55 A. 230.

See also *Atlantic Coast Line Railroad Co. v. Florida*, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451 (1935) (Cardozo, J.); *Public Service Commission of Missouri v. Brashear Freight Lines, Inc.*, 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083 (1941) (Black, J.); *Greenwood County v. Duke Power Co.*, 107 F.2d 484 (4th Cir. 1939) (Parker, J.); cf. *Russell v. Farley*, 105 U.S. 433, 26 L.Ed. 1060 (1882).

Thus, if plaintiff Johnson had sought his refund in the 1974 case upon remand from the Supreme Court, this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 would have continued to exist. But plaintiff did not so do. Instead plaintiff sought that relief in this new case in a state court which plaintiff commenced in 1976. The question arises as to whether plaintiff could have brought this case in this federal Court, asserting § 1331 jurisdiction. There is no good or sensible reason why the answer should not be and is not "Yes" in a case in which restitution is sought pursuant to a claim grounded in the reversal and remand of this Court's erroneous decree in the 1974 case. It is that decree itself which provides the starting point from which plaintiff commences its quest for relief in this case.

Plaintiff's reliance on decisions holding that a suit to enforce a judgment rendered by a federal court is not one arising under the laws of the United States [4] is misplaced.

---

4. 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3563, at 416 n. 7, and cases cited therein.

No litigation of any federal issue is involved in such a case. On the other hand, actions to vacate federal judgments have been held to arise under the laws of the United States. The latter type of case is closely analogous to an action, such as the within case, for restitution. Thus, in 7 Moore's Federal Practice ¶ 60.38[1], at 645–47 (2d ed. 1975) the authors have written:

If the independent action in equity is not brought in the federal court which rendered the original judgment, but in another federal court, it is quite doubtful if such action can be supported on ancillary principles. If this independent action must be supported by independent jurisdictional grounds, then the presence of any conventional ground will support the action, such as: action by the United States; diversity and the requisite jurisdictional amount; general federal question and the requisite jurisdictional amount, where there is some distinct federal claim, such as the judgment constitutes a denial of procedural due process. But where the independent action is based on general equitable principles, such as fraud, etc., does this present a general federal question case? By analogy to the doctrine that an action *on* [emphasis in original] a federal judgment does not present a general federal question, the answer is in the negative. That doctrine rests, however, on the practical principle that plaintiff's claim of debt on a federal record does not itself often involve the validity of the federal judgment and hence no substantial federal question, the federal ingredient being too remote or incidental to plaintiff's claim; and jurisdiction is lacking until Congress expresses its intent that the federal courts have jurisdiction of such an action. *But an action to enjoin or otherwise obtain relief from a federal judgment involves the validity of the judgment as a continuing obligation; the substantive principles of the action are federal; and, we believe, presents a general federal question.* [Emphasis added.]

*If the independent action is brought in a state court it may be removed to the appropriate federal court on the basis of a general federal question. And, in appropriate situations, the federal court may enjoin relitigation of matter adjudged by a federal judgment.* [Emphasis added.]

[Footnotes omitted.]

Those observations are in line with the holding in *Crane v. Buckley*, 105 F. 401 (N.D.Cal.1900) in which an action was filed in state court to recover on an appeal bond given by an unsuccessful appellant who had appealed from the judgment of a federal court. That state court action was held properly removed to another federal district court in the same federal Circuit. In so concluding, the court wrote (at 402):

The writ in this case was a supersedeas, and the security given therefor extended to damages as well as to costs. The question for determination is, has this court jurisdiction of the action? It has been held that such a controversy is one springing out of a suit already determined in the federal court, and is in one sense an offshoot of that suit (*Seymour v. Construction Co.*, Fed. Cas. No. 12,689, 7 Biss. 460); and, further, in the same case, that a supersedeas bond is an indemnity given in pursuance of a law of the United States. The measure of the liability of the party and the rights of both plaintiff and defendant depend upon a law of the United States and a rule of the supreme court of the United States (No. 29). 3 Sup.Ct. xvi. It is impossible to take a step in the progress of a suit brought upon such a bond in order to determine the rights of the parties without looking at the law and the rule as the guide of the court, and controlling its judgment in the determination of the case. And in *Arnold v. Frost*, Fed. Cas. No. 558, 9 Ben. 267,—a suit for recovery on a bond given on appeal,—the court in positive terms declared it to be, not an original suit, but an offshoot or outbranch of the suit in which the bond was given, and that jurisdiction of the original suit gave jurisdiction over the subject-matter of the suit on the bond. The action under considera-

tion is based upon proceedings in the United States circuit court acting under authority conferred by a law of the United States and a rule of the circuit court of appeals (No. 13). 31 C.C.A. cliii., 90 Fed. cliii. It therefore presents a question arising under the laws of the United States, and so within the jurisdiction of this court. *First Nat. Bank of Ceredo v. Society of Savings,* 25 C.C.A. 466, 80 Fed. 581. Upon the doctrine announced in the foregoing cases the motion to remand the cause to the state court will be denied.

While in this case "[t]he measure of the liability of the party and the rights of both plaintiff and defendant [do not] depend upon a law [statute] of the United States and a rule of the supreme court of the United States," they do depend on the application of legal principles established by the federal cases cited *supra,* discussing restitution sought because of erroneous injunctions. Furthermore, this is "a controversy [not only] springing out of a suit already determined in the federal court, and [thus] in one sense an offshoot of that suit," but also springing out of an error of this Court.

In *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219 (5th Cir. 1976) (per curiam), the Court held that an action commenced in a state court and involving an attempt to obtain relief from a prior, existing federal court judgment was properly removed to federal court. In that case, the Fifth Circuit wrote (at 1221):

> We are convinced that the district court was correct in exercising removal jurisdiction in this case.
>
> A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the law suit is artfully disguised. *Romick v. Bekins Van & Storage Co.,* 197 F.2d 369, 370 (5 Cir. 1952), *citing Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713, 715 (1918). " . . . in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of

removal." 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3734 (1976), *citing Nunn v. Feltinton,* 294 F.2d 450 (5 Cir. 1961), *cert. denied,* 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784 (1962).

Although appellant's complaint purports to seek damages for conversion of a tire, it is our opinion that the claim in this case is essentially one to recover additional damages for personal injuries, and can be viewed as an action which attacks the order of dismissal entered by the district court in the prior suit between these parties. The damages alleged by appellant are not based on the actual value of the tire, but on the alleged fraudulent concealment of the tire. In order to demonstrate any unique value that the tire might have, appellant would have to prove that a fraud was perpetrated upon him during the settlement negotiations in the prior law suit.

The proper avenue of redress for a party seeking relief from a judgment claiming fraud as grounds for relief is under Fed.R.Civ.P. 60(b)(3). "If the independent action is brought in a state court, it may be removed to the appropriate federal court on the basis of a general federal question." 7 J. Moore, Moore's Federal Practice ¶ 60.38[1] (2nd Ed. 1975), *citing Deauville Associates v. Lojoy Corp.,* 181 F.2d 5 (5 Cir. 1950). Since appellant's claim in the instant action is essentially one claiming fraud as grounds for relief, the district court judge properly considered it as being within the purview of Fed.R.Civ.P. 60(b)(3) and granted appellee's petition for removal.

■ Plaintiff contends that, in any case, the case at bar is merely one for restitution arising under the common law of Maryland for restitution, and cites *Redwood Hotel, Inc. v. Korbien,* 197 Md. 514, 80 A.2d 28 (1951); *Burns v. Bines,* 189 Md. 157, 166, 55 A.2d 487, 57 A.2d 188 (1947). Neither case establishes whether there is a cause of action under Maryland law for restitution allegedly required as the result of a reversed federal court judgment. *Cf.* Re-

statement of Restitution § 74 (1937). In any event, the complaint itself, in this case, and not plaintiff's subsequent characterization of it as a case arising under Maryland common law, would appear to control. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3722, at 570; 1A Moore's Federal Practice ¶ 0.160, at 194 (2d ed. 1974). Herein the complaint clearly asserts a cause of action growing out of this federal Court's earlier erroneous action. Accordingly, it must be read as asserting, at the least, a cause of action under federal as well as state law. *See Nance v. Jackson*, 56 F.R.D. 463, 467–68 (M.D.Ala.1972) (Johnson, J.). So read, the entire complaint, whether or not all of it is based exclusively on earlier occurrences in this Court and in the Supreme Court, is properly removed pursuant to 28 U.S.C. § 1441(c). That is so because "the doctrine of pendent jurisdiction . . . is fully applicable to removal based on the existence of a federal question." 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3722, at 572–73.[5]

For the reasons stated in this opinion plaintiff's motion to remand will be denied. In a separate Order this Court will consolidate the within remanded case, pursuant to Federal Civil Rule 42(a), with the 1974 case.

---

**5.** If the complaint had expressly restricted itself to a state cause of action, this Court might be required to respect that choice. The question then would arise as to whether such a state law action involved a sufficiently substantial federal law component, either as a result of the federal issues inherently raised in the investigation of the equities underlying this Court's earlier erroneous judgment and its reversal or as a result of the within action's derivative character, to support removal in spite of the state law basis of the action. *See Villarreal v. Brown Express, Inc., supra* ; 7 Moore's Federal Practice ¶ 60.38[1], at 645–47 (2d ed. 1975), quoted *supra* at pp. 7–8. That question need not be herein reached.