### LIONEL CORPORATION et al. v. DE FILIPPIS et al.
### No. 7640.

District Court, E. D. New York.
July 23, 1935.

John M. Cole, of New York City (Joel B. Liberman and Gustav Goodmann, both of New York City, of counsel), for plaintiffs.

Carl E. Ring, of New York City (William H. Woolley, of New York City, of counsel), for defendants.

GALSTON, District Judge.

The matter comes before the court on a motion to dismiss the complaint on various grounds which may be enumerated as follows:

First, because it appears from the complaint that there is an action between the plaintiffs and one of the defendants, Raymond de Filippis, pending in the Supreme Court of the state of New York, brought prior to the commencement of this action, which raises substantially all the issues raised by this complaint; secondly, because the individuals Cowen and Bonanno are not proper parties, for the reason that the complaint does not show any controversy between them and defendants; thirdly, that there is no diversity of citizenship and this court has no jurisdiction; that plaintiffs are estopped from denying the validity of de Filippis' patents while a license agreement is in effect and while a suit is pending in the state court to determine the rights under the license; and, finally, that no actual controversy between the parties exists as required by the Declaratory Judgment statute, section 274d of the Judicial Code (28 USCA § 400).

From the complaint it appears that the suit is brought pursuant to the Federal Declaratory Judgment Act. The allegation of an actual controversy between the parties is in respect to an alleged infringement by the plaintiffs of four United States letters patent, namely: No. 1,332,545, for a variable steering device for vehicles, issued March 2, 1920; No. 1,357,491, for an automatic steering device for vehicles issued November 2, 1920; No. 1,627,150, for a toy vehicle, issued May 3, 1927; and No. 1,808,776, for a vehicle issued June 9, 1931; all on the applications of defendant Raymond de Filippis, and, in addition, patent No. 1,756,539, for a vehicle, issued April 20, 1930, to one Hanna D. Findley, and now claimed to be owned by the defendant de Filippis. It is also alleged that all of these patents are claimed to be owned by the defendant Pierro, by virtue of an assignment from de Filippis to Pierro.

It appears that on January 4, 1932, an agreement was entered into between the Lionel Corporation, the plaintiff here-

in, and Raymond de Filippis in respect to the aforesaid patents, whereby the exclusive right to make, use, and sell articles embodying the inventions of the patents were assigned to the corporation. The instrument contained the usual provisions for payment of royalties.

Critical clauses in respect to termination are involved in the controversy in the state court and appear to be the following:

"8. The Company further agrees that it will on or before the 1st day of March, 1932, notify the Inventor whether or not it intends to manufacture and/or sell said articles, and if it should fail to do so, then this contract shall be deemed to have terminated, otherwise the same to remain in full force and effect as hereinbefore provided. Notice as provided for herein is to be deemed sufficient if sent by registered mail on or before the 1st day of March, 1932, addressed to the Inventor at the address mentioned at the head of this contract."

"10. The Company further agrees that unless the payment of the sum of $250 is made, to the Inventor prior to March 1st, 1933, as royalties or advancement on account of royalties, and in the event in any subsequent year thereafter the amount paid to the Inventor as royalties or advancement on account of royalties is less than $250, then this agreement shall terminate and come to an end and the patents herein mentioned and any other patent which under this agreement shall enure to the benefit of the Company, shall revert to and become and remain the property of the Inventor; any advancement made on account of royalties to be deducted from the first royalties as and when due the Inventor."

On February 29, 1932, the Lionel Corporation wrote to de Filippis notifying him that it intended to manufacture and sell the articles mentioned in the agreement. A year later, on February 28, 1933, the corporation wrote to de Filippis that it. had concluded not to manufacture any articles "in which your patent will be used and that we, therefore, relinquish any rights which we may have under agreement bearing date the 4th day of January, 1932, and consent that the said agreement be cancelled."

To this latter communication de Filippis on March 3, 1933, replied inquiring what the corporation intended to do with the other four patents that were assigned to the corporation.

No subsequent correspondence is referred to.

The complaint continues in recital that no royalties ever have been paid the defendant and no minimum payment was made such as is referred to in paragraph 10 of the agreement.

During April, 1933, the Lionel Corporation began the manufacture and sale of toy boats which, it is alleged, do not employ any of the inventions claimed in the patent heretofore referred to.

On May 8, 1934, a suit was instituted in the United States District Court for the Southern District of New York by Mario Caruso against the Lionel Corporation; in which suit ancillary receivers of the Lionel Corporation were appointed, and all persons were enjoined from instituting actions against the corporation. That receivership continued with the usual incidence of an equity receivership until March 20, 1935, when the ancillary receivers were discharged and their bond canceled.

Shortly prior to the discharge of the ancillary receivers, de Filippis, on March 2, 1935, caused to be served on the Lionel Corporation a summons in an action in the Supreme Court of the state of New York. That action was on March 26, 1935, discontinued without prejudice at the request of de Filippis by reason of the pendency of the receivership proceedings.

It appears by allegation that due notice of the receivership was given to all creditors and others having claims against the Lionel Corporation, and that neither of the defendants herein filed any claims against that defendant.

Then on or about April 29, 1935, de Filippis began another action in the Supreme Court of the state of New York by the service of summonses on the three plaintiffs herein, and on May 28, 1935, moved on de Filippis' affidavit for an examination of the defendants in that action in aid of framing a complaint in the Supreme Court. From those papers it appears that de Filippis alleged that the self-steering boats manufactured by the plaintiffs were under the patents included in the license agreement, and he claimed that royalties were due him.

Meanwhile, that is, subsequent to the date of the exclusive license agreement

between the Lionel Corporation and de Filippis, and prior to the institution of the action by the defendants in the state court, a certain other corporation, known as the Automatic Toy Corporation, made and sold self-steering toy automobiles bearing thereon patent numbers including those of the five patents referred to in this complaint. It is alleged that this corporation during that period made and sold these toy automobiles with the permission and assistance of the defendant de Filippis and without the knowledge or permission of the plaintiffs. These facts are alleged as a breach in termination of the exclusive license agreement between the Lionel Corporation and de Filippis.

It is then alleged that by reason of the termination of the license agreement the only issue presented or claimed which could be urged in the state court action was the validity of the patents and their infringement since March 20, 1935, and that such an issue is triable only in the federal courts under the patent laws.

Plaintiffs allege that they have not infringed any of the letters patent, and that the corporate plaintiff has the right to make, use, and sell the toy boats heretofore referred to, without any interference by the defendants. It is also alleged that these letters patent are invalid, and that no suit for infringement for the patents has ever been brought against the plaintiffs nor against any customer of the Lionel Corporation.

The plaintiffs therefore seek as relief a decree declaring the right of the corporate plaintiff to continue to make and sell the self-steering toy boats without interference from the defendants; and that the aforesaid letters patent be declared invalid, or, if valid, not infringed by any of the plaintiffs.

The Declaratory Judgment act (Jud. Code § 274d, 28 USCA § 400) declares:

"(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why. further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The pending action in the state court, according to the allegations of the complaint, alleges that the Lionel Corporation since January 1, 1932, has manufactured and sold self-propelling toy boats, and that pursuant to the terms of the agreement between the parties the corporation agreed to pay to de Filippis 5 per cent. of the net selling price on each one of those articles; that the plaintiff demanded payment from the Lionel Corporation of such royalty; and that the corporation has failed and refuses to make such payments.

Accordingly, in the first cause of action alleged in said complaint, de Filippis alleges damages in the sum of $50,-000. In the second cause of action set forth in that state court complaint there are additional allegations setting forth that the parties contemplated that the agreement was to be construed as covering royalties on the self-propelled toy boats; that the defendants, realizing the possibility of great profits to be derived from the manufacture of the boats, conspired for the purpose of unlawfully defeating the rights of the plaintiff under that contract and making fraudulent claim that the toys so manufactured were not within the scope of the contract; that in fact the said toy boats were within the scope of the license agreement and by reason of the wrongdoing of the defendants plaintiff has suffered damages in the sum of $50,000.

Thus the critical question becomes whether the Supreme Court action raises substantially all the issues raised by the complaint herein.

716

■ Obviously, whether the self-propelling toy boats manufactured and sold by the corporate plaintiff fall within the scope of any of the claims of any of the patents is a question arising under the patent statutes. That is a question that can be resolved in the first instance only by a United States District Court. It appears the plaintiffs in this action assert that the toy boats do not infringe, and they allege that the defendants claim they do infringe those patents. The allegations of the fifth and sixth paragraphs of the Supreme Court complaint would seem to support the plaintiff's contention herein that de Filippis alleged that the self-propelling toy boats infringed the patents. Otherwise, why should royalty be due unless the articles fall within the scope of the patent claims? It is significant that in the equity receivership no claim was filed for such royalties.

■ Whether Cowen and Bonanno are proper parties is the next question raised by the defendants. They may not be necessary parties, but since they are in the second cause of action of the Supreme Court complaint alleged to have brought about the manufacture and sale by the corporate plaintiff of the self-propelling toy boats on which royalties are claimed, it appears that these individual plaintiffs may be chargeable with contributory infringement. Apparently they are then proper parties.

■ The third ground of objection is that there is no diversity of citizenship, and that this court has no jurisdiction. No such diversity of citizenship need exist, for jurisdiction is dependent here on federal statutes relating to patents of which the District Courts have jurisdiction.

Finally, the contention is urged that plaintiffs cannot seek a determination of the validity of the de Filippis patents while an alleged license agreement in which the corporate plaintiff is named as licensee is in effect and while a suit is pending to determine the rights under the license contract.

■ It may be conceded that whether the license agreement is in effect or has been canceled is an issue that may properly be determined in the pending state court action. The plaintiffs contend that by virtue of the letter of the corporate plaintiff dated February 28, 1933, the agreement was canceled. But paragraph eighth says that the contract shall be deemed to have been terminated and otherwise remain in full force and effect unless the Lionel Corporation notify de Filippis "on or before the 1st day of March, 1932." Clearly, then, the notice of February 28, 1933, was not in accordance with the provisions of that paragraph of the agreement. On the contrary, the letter of the Lionel Corporation of February 29, 1932, was a notice of intention to manufacture and sell the articles mentioned in the license agreement.

■ However, the plaintiffs rely also on provisions of paragraph 10 of the license agreement. The allegation is that no royalties were ever paid and no minimum payment of $250 was made to de Filippis prior to March 1, 1933, as therein specified. The provision is that the agreement shall terminate unless that payment is made. It may be contended that that provision was made for the benefit of the licensor; but, if so, the language is unfortunate because the words of the agreement say, "then this agreement shall terminate and come to an end" on the failure to make the payment. Thus color is given to the contention that the provision of paragraph 10 of the agreement enabled the licensee, by failure to pay the minimum royalty prior to March 1, 1933, in effect to terminate the agreement. Notice of the licensee's intention so to do was given in its letter to the licensor of February 28, 1933. But whether the agreement was terminated as plaintiffs contend, or is in effect as defendants urge, the plaintiffs are not estopped from raising the issue of infringement. The real controversy between the parties is whether the toy boats are an infringement. That cannot be determined except under the patent laws. The issue is one which should be determined in the first instance by a federal District Court.

Settle order on notice.