**FOSTER WHEELER CORPORATION v. FURNACE ENGINEERING CO., Inc.**

District Court, S. D. New York.

May 26, 1942.

868

Kenyon & Kenyon, of New York City, for plaintiff.

Morrison, Kennedy & Campbell, of New York City, for defendant.

GODDARD, District Judge.

This is an action for a declaratory judgment and an injunction. Defendant moves to dismiss the complaint on five grounds. These fall into two main categories and may be briefly stated as follows: One, that this court lacks jurisdiction to grant relief under the Declaratory Judgments Act, 28 U.S.C.A. § 400, because both parties are residents of New York and the only controversy between them involves the nature, scope and effect of a license agreement, and the amount of royalties due and owing under its provisions which is the subject of litigation presently pending in the Supreme Court of New York; and Two, that in any event, plaintiff is estopped under the express provisions of the agreement from contesting the validity of defendant's patent.

On the question of jurisdiction, I do not agree with the defendant. The fact that an action is pending in a state court between the same parties involving a license agreement is not sufficient ground for refusing to entertain an action for a declaratory judgment. Particularly is this so where the issues are not the same. In the case at bar the principal question raised by the complaint is the validity of the patent. This is exclusively a federal question which could not be raised in the state court. Chicago Metallic Mfg. Co. v. Edward Katzinger, 7 Cir., 123 F.2d 518. Furthermore, there is an actual controversy between the parties sufficient to confer jurisdiction on this court to declare the rights of the parties. Lionel Corporation v. De Filippis, D.C., 11 F.Supp. 712.

However, under the terms of the written agreement between the parties, the plaintiff, a licensee, is estopped from questioning the validity of the patent in question. Eskimo Pie Corporation v. National Ice Cream Co., 6 Cir., 26 F.2d 901; Dwight & Lloyd Sintering Co. v. American Ore Reclamation Co., D.C., 44 F.Supp. 401. Such agreements are not void as against public policy. United Lens Corporation v. Doray Lamp Co., 7 Cir., 92 F.2d 969.

It is urged by the plaintiff that under the authority of Miami Cycle & Mfg. Co. v. Robinson, 6 Cir., 245 F. 556, the express provision in the agreement to the effect that it is to terminate on notice in the event that the patent is held to be invalid, takes this case out of the general rule and permits a direct suit by the licensee to test the validity of the patent. This may be so where there is no other provision to the contrary. In the case at bar the plaintiff expressly agreed not to contest the validity of the patent. This provision, when read in conjunction with the termination clause, shows a clear intent on the part of the contracting parties that any lawsuit to invalidate the patent was to be instituted by some third party. Any interpretation to the contrary would render the plaintiff's agreement not to test the validity of the patent meaningless.

The alleged failure on the part of the defendant to protect the plaintiff against infringement of the patent by non-licenses might be sufficient grounds for the cancellation or abandonment of the agreement, or might be successfully urged in defense of an action in the state courts for royalties, but it has no bearing on the validity of the patent. However, the plaintiff has not cancelled or abandoned the con-

tract, but on the contrary has expressly stated in the complaint that it is ready and willing to abide by it.

The plaintiff being estopped from questioning the validity of defendant's patent, this court is without jurisdiction to determine any of the other questions raised in the complaint.

Motion to dismiss the complaint is granted. Settle order on notice.