## VEEDER–ROOT, Inc., v. HENRIETTA.

### Civ. A. No. 746.

District Court, D. Connecticut.

Sept. 2, 1943.

Lucius F. Robinson, James M. Carlisle, and Robinson, Robinson & Cole, all of Hartford, Conn., for plaintiff.

Arthur E. Howard, Jr., of Hartford, Conn., for defendant.

SMITH, District Judge.

Defendant moves to dismiss the action on two grounds: (1) that another action involving the same issues is pending in the Superior Court for Hartford County; and (2) that the question of infringement is moot because a War Production Board Order prohibits manufacture of the devices in question for the duration of the war except for the Government, and as to such use 35 U.S.C.A. § 68 limits any remedy of

the defendant to action against the Government, which has not been threatened.

It is agreed that the motion may be treated as a motion to dismiss for failure to state a claim on which relief can be granted, and in the alternative, as a motion for summary judgment.

The motion for summary judgment is denied on three grounds: (1) because the affidavit of defendant supporting the motion is based on information and belief and not on actual knowledge of facts concerning which his testimony would be admissible on trial; (2) because a genuine dispute exists as to material facts, the manufacture and sale of the devices in suit to purchasers other than the Government; (3) because a justiciable controversy may exist by virtue of sales for Government use in view of the indemnification clause alleged by the plaintiff.

The motion to dismiss on the ground of another action pending is denied. The main issue in the state court action is the construction of the licensing agreement for the period prior to December 31, 1941, in which Veeder-Root may be estopped to challenge the validity of the patent. The main issue here is the validity and construction of the patent, which cannot be determined in the state court. Chicago Metallic Manufacturing Co. v. Edward Katzinger Co., 7 Cir., 1941, 123 F.2d 518; Lionel Corporation v. De Filippis, D.C.E.D.N.Y.1935, 11 F.Supp. 712.

The motion to dismiss for failure to state a claim upon which relief can be granted must be denied. Affidavits on behalf of plaintiff show that the mechanisms are being built by plaintiff and that the War Production Board Order has not stopped their manufacture for four different purposes.

The complaint contains sufficient allegations of manufacture of devices, claim of infringement, threats of defendant to prevent the alleged infringement, denial of infringement, and invalidity of the patent to set forth a valid claim under the Declaratory Judgment Act, 28 U.S.C.A. § 400.

Defendant seeks to remove the case from the field of "actual controversy" by waiver. The waivers, however, leave unsettled the controversies over plaintiff's infringement and the validity of defendant's patent, and their effect on plaintiff's liability to its customers, private as well as governmental. See Alfred Hofmann, Inc., v. Knitting Machines Corporation, 3 Cir., 123 F.2d 458.

Defendant's motion to dismiss is, in all respects, denied.