**INTERNATIONAL HARVESTER COMPANY, Plaintiff,**

v.

**LONG MANUFACTURING COMPANY, Defendant.**

Civ. No. 841.

United States District Court E. D. North Carolina, Wilson Division.

Oct. 9, 1964.

———◆———

Hume, Groen, Clement & Hume, by Charles L. Byron and Howard W. Clement, Chicago, Ill., Broughton & Broughton, by J. Melville Broughton, Jr., Raleigh, N. C., Noel G. Artman, and F. D. AuBuchon, Chicago, Ill., for plaintiff.

A. Yates Dowell and A. Yates Dowell, Jr., Washington, D. C., and Bourne & Bourne, by Henry C. Bourne, Tarboro, N. C., for defendant.

LARKINS, District Judge.

STATEMENT OF THE CASE

This cause arose upon the filing of the original complaint in the Superior Court for Edgecombe County, North Carolina, on October 4, 1963, alleging that the plaintiff and defendant had entered into a contract dated November 1, 1951. It is alleged that defendant agreed to pay plaintiff a royalty for each Pickup Bailor manufactured, used or sold by the defendant in which one or more of the inventions covered by Patent No. 2,450,082 were embodied.

Plaintiff is a corporation established in New Jersey and has its principal place of business in Chicago, Illinois, and is authorized to do business in North Carolina. The defendant is a North Carolina corporation with its principal place of business in Tarboro, Edgecombe County, North Carolina.

The plaintiff alleges that defendant has manufactured, used and/or sold a certain quantity of plaintiff's patented Pickup Bailors in which one or more of the inventions covered by Patent No. 2,450,082 are embodied, and has, therefore, become obligated to plaintiff. Plaintiff seeks to recover an amount alleged owing it pursuant to the contract which is referred to as License Agreement. Demand for payment has been made and refused. Plaintiff, therefore, charges defendant with failing to remit the amount contracted for ($6,650.), or such amount as an audit would disclose, plus interest due.

Defendant filed answer on October 23, 1963, in which was included three counterclaims. In his answer, defendant admits entering into the contract, but asserts that the plaintiff made a misrepresentation of material fact and thereby induced defendant to enter into the contract. Defendant also asserts that he has not made, used or sold anything covered by the agreement, or used any inventions covered by Patent No. 2,450,082, and denies that it is required to make an accounting, or that payment is due plaintiff.

Defendant's first counterclaim states that plaintiff's Patent No. 2,450,082, does not cover any device which defendant has manufactured, used or sold since the issuance of the patent. The second counterclaim alleges that plaintiff's agent had been in a close working relationship with defendant, to such an extent as to create mutual trust, and that such trust relation existed at the time plaintiff's agent represented falsely to defendant that a pickup bailor produced by defendant was covered by plaintiff's patent. The third counterclaim asserts that this misrepresentation was used by plaintiff to unlawfully obtain revenues, and as so used, constitutes a misuse of the patent justifying its invalidation. The defendant therefore, seeks recovery of $29,927.-00 from plaintiff.

On October 23, 1963, defendant filed, in this Court, a petition for removal. It likewise filed its answer in this Court. The petition complied with Title 28 U.S.C.A. § 1446(d), and was served on plaintiff.

On March 2, 1964, plaintiff filed a motion to remand to the Superior Court for Edgecombe County, North Carolina, with accompanying brief. Defendant filed answering brief and a hearing was held on May 11, 1964, attorneys for both parties being heard. At the close of the hearing, this Court requested the submission of proposed findings of fact and conclusions of law from each of the parties. Pursuant to the Court's request, both parties did so submit the same on June 16, 1964.

## CONCLUSIONS OF LAW

Title 28 U.S.C.A. § 1338(a) provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

The present case clearly includes the allegations that defendant has made use of plaintiff's inventions for the manufacture, use and sale of its devices under Patent No. 2,450,082. Under the pleadings, as set out in this case, an essential element of plaintiff's case is the proof that defendant has used and thereby, infringed upon the subject matter of the patents here in question. This is more than a mere contracts case for the reason that the method of determining the case on its merits would proceed as follows:

(1) The Court would first examine the question of whether the patent and the inventions protected thereby, have been infringed upon by the defendant. If,

upon the merits, it is determined that they have not been infringed upon, then the Court need proceed no further and the contracts question presented by plaintiff's pleadings becomes moot for the reason that the effectiveness of plaintiff's contract claim stands or falls on the defendant's manufacture, use or sale of plaintiff's patented inventions.

(2) Only if it is found that defendant's pickup bailor, in its manufacture, use and sale, has infringed on plaintiff's Patent No. 2,450,082, do the other questions raised in the pleadings become essential to the final determination of the case as it is here presented to this Court.

Where the principal question raised is the validity of the plaintiff's rights under the patent, such as here, all questions must await the determination of the effect of the patent. This then is an exclusively Federal question and it cannot be raised in the State courts. Title 28 U.S.C.A. § 1338(a); and, Foster Wheeler Corp. v. Furnace Engineering Co., Inc., 46 F.Supp. 867 (S.D.N.Y. 1942); Veeder-Root Inc. v. Henrietta, 52 F.Supp. 918 (C.Conn.1943).

As plaintiff so aptly states the law on this matter in his FINDINGS OF FACT AND CONCLUSIONS OF LAW PROPOSED BY PLAINTIFF, page 10, submitted on June 16, 1964:

> "To constitute an action arising under the patent laws of the United States, the plaintiff must set up some right, title or interest under the patent laws or at least make it appear that some right or privilege will be defeated by one construction or sustained by the opposite construction of these laws—* * *."

This is precisely the problem presented to this Court, and it is, therefore, convinced that plaintiff has correctly presented the law on this question in the above quoted passage and relies upon it. The defendant is in accord, both parties citing Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458 (1897) as controlling authority.

ORDER

Therefore, it is ordered that plaintiff's Motion to Remand, upon consideration of proposed findings filed by the parties, and the hearing May 11, 1964 be, and it is hereby denied.

It is further ordered that the Clerk serve a copy of the opinion and order upon the attorneys of record.