WHAM–O MFG. CO., Plaintiff,

v.

ALL–AMERICAN YO–YO CORPORATION et al., Defendants.

No. 73–C–743.

United States District Court,
E. D. New York.

Dec. 21, 1973.

Kenyon & Kenyon Reilly Carr & Chapin, New York City, for plaintiff; William J. Ungvarsky, William T. Boland, Jr., Robert T. Tobin, New York City, Christie, Parker & Hale, Pasadena, Cal., of counsel.

Hendler & Siegel, New York City, for defendants.

DECISION AND ORDER

TRAVIA, District Judge.

Plaintiff moves pursuant to Title 28 U.S.C. § 1447(c) for an order remanding the above entitled action to the Supreme Court of the State of New York, County of Kings. The parties have submitted affidavits and memoranda of law and the same have been considered. Oral argument was had on December 14, 1973 after which decision was reserved.

The salient facts are as follows. On July 27, 1973 an agreement was entered into between the plaintiff and the defendants. The agreement provides in pertinent part:

"1. Newman Premier Corp., Nathan Newman, Morris Newman, and Louis Newman each separately agree that the aforesaid U.S. Patent

3,079,728 is valid and is infringed by plastic hoops manufactured and sold by Newman Premier Corp. and characterized for purposes of this agreement as having a hoop diameter in excess of about 30 inches and that the sale of such hoops under the trademark Hula Hoop or a confusingly similar mark such as Hoola Hoop constitutes an infringement of Wham-O Manufacturing Co. Trade-mark Registration #739307.

\* \* \* \* \* \*

6. In the event of a breach of any of the terms and conditions of this agreement by Newman Premier Corp., Nathan Newman, Morris Newman or Louis Newman or any person, firm or corporation controlled or owned by Newman Premier Corp. or any of the individuals named herein or any agent or representative of said corporation or individual, it is agreed by each of them separately and jointly that Wham-O Manufacturing Co. may take this agreement into a court of law and obtain therein a Consent Decree to the effect that said U.S. Patent 3,079,728 is valid and has been infringed upon by Newman Premier Corp. and thereupon enjoining Newman Premier Corp. and each of the individuals named herein from further infringement thereof and in such event the waiver of damages has provided in paragraph 2 hereof shall be null and void and Wham-O Manufacturing Co. shall have the right to collect from Newman Premier Corp. and the individuals named herein jointly or severally any damages which the court in such action may assess and shall further have the right to recover from Newman Premier Corp. the $5500.00 paid to Newman Premier Corp. by Wham-O Manufacturing Co. hereunder."

On May 16, 1973, the plaintiff commenced the instant lawsuit in the Supreme Court of the State of New York, County of Kings. On May 25, 1973, the defendants filed a Petition and Bond for Removal of this proceeding from the Supreme Court of the State of New York to this court pursuant to Title 28 U.S.C. §§ 1338(a) and 1441(a). The basis for the defendants' removal was that this court has original and exclusive jurisdiction under Title 28 U.S.C. § 1338(a), in that the gravamen of the complaint is the claimed infringement of the U.S. Patent No. 3,079,728.

For purposes of this motion to remand, the sole issue before the court is whether the case at bar arises under general contract law or the patent laws of the United States. The plaintiff's first cause of action is based upon the defendants' alleged breach of the agreement herein in that the defendants owe plaintiff repayment of $5,500.00 had and received from plaintiff on or about July 27, 1967. Similarly, the plaintiff's second cause of action is grounded in the violation of the aforementioned agreement. More specifically, plaintiff asserts that All-American YO–YO Corporation began in 1972 to manufacture and sell plastic hoops having a hoop diameter in excess of thirty (30) inches under the designation "All American Hoop" which was in violation of said agreement.

The first cause of action is predicated upon the validity of the second cause of action since the condition precedent to the recovery of the $5,500.00 is the breach of the terms of the agreement. Here, the breach asserted by the plaintiff is the sale and manufacture of the hoops. Therefore, depending upon what law the second cause of action arises under, the first cause of action will also arise under that law.

The defendants' alleged sale and manufacture of plastic hoops in violation of the terms of the agreement arises under general principles of contract law. The fact that the manufacture and sale of these hoops may also be an infringement of the plaintiff's patent does not alter this conclusion for the defendants have agreed that U.S. Patent No. 3,079,228 is valid and infringed by the manufacture and sale of the hoops in question. As a result, a determination of the merits, in the first instance, requires an analysis

of this agreement and not an analysis of the validity and infringement of the patent. Nor can the defendants turn this matter into one arising under the patent laws of the United States by asserting the invalidity defense. In that regard, the remarks of the Sixth Circuit in Kysor Industrial Corporation v. Pet, Incorporated, 459 F.2d 1010, 1012 (6th Cir. 1972), cert. denied, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 243 (1973), are particularly apt:

"Pet's jurisdictional theory, upon which removal was predicated, is that the agreement, construed as asserted by Kysor in its complaint to bar Pet's manufacture and sale of indirect cooling units, was void and unenforceable under federal antitrust law in the absence of valid and infringed patents. Pet therefore contends that the action turns on questions of patent validity and infringement and thus is exclusively within federal jurisdiction under 28 U.S.C. § 1338(a).

We cannot accept this theory. It is well established that every case involving patent issues is not a 'civil action arising under any Act of Congress relating to patents,' as set forth in § 1338(a): Actions to enforce patent license agreements are not within exclusive federal jurisdiction notwithstanding the availability of the invalidity defense. See Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969). Kysor is free to file and maintain a contract action in State court which may be subject to federal patent-anti-trust law defenses. These issues are for the State court to resolve. Kysor elected to assert only contract rights in State court. Pet may not, by asserting that Kysor's only *valid* cause of action is by way of suit for patent infringement, convert this action into one arising under the patent laws of the United States."

Lastly, this court is not unmindful of the decision in International Harvester Co. v. Long Manufacturing Co., 235 F.Supp. 223 (E.D.N.C.1964), wherein the district court denied plaintiff's motion to remand on the ground that an interpretation of the contract primarily involved an examination of patent law. In contrast, a resolution of the issues in the instant case demands primarily a construction of the agreement entered into between the parties. Consequently, *International Harvester* cannot be relied on as precedent.

Accordingly, it is

Ordered that the plaintiff's motion to remand this action to the Supreme Court of the State of New York, County of Kings is granted, and it is further

Ordered that upon the entry of this Order, the Clerk of the Court shall certify a copy of this order and mail the same to the Clerk of the Supreme Court of the State of New York, County of Kings, pursuant to Rule 3(d) of the Civil Rules for the Southern and Eastern Districts.