Charles BOLGAR, Plaintiff,

v.

John L. LEWIS, Henry G. Schmidt, and Josephine Roche, Trustees of the United Mine Workers of America Welfare and Retirement Fund, Defendants.

Civ. A. No. 60–30.

United States District Court
W. D. Pennsylvania.

Oct. 7, 1960.

**596**

Jerome Libenson, Pittsburgh, Pa., for plaintiff.

Edward Good, Kountz, Fry & Meyer, Pittsburgh, Pa., and Charles Widman, Washington, D. C., for defendants.

WILLSON, District Judge.

This cause having come to be heard for trial without a jury, and the Court having heard all the evidence adduced by the Plaintiff, and having carefully examined and considered the credibility of the Plaintiff and his witnesses and their demeanor on the stand, and following the argument in open Court by counsel for all parties, and the Court having dismissed the complaint in this cause upon motion of the Defendant Trustees pursuant to Rule 41(b) at the close of all evidence introduced by the Plaintiff, the Court this 7th day of October, 1960, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The United Mine Workers of America Welfare and Retirement Fund of 1950 is an irrevocable trust, created by the trust instrument contained in the National Bituminous Coal Wage Agreement of 1950 on March 5, 1950. Defendant Trustees are trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950. The trust indenture embraced in the National Bituminous Coal Wage Agreement of 1950 contains the following pertinent provision:

> "Subject to the stated purposes of the Fund, the Trustees shall have full authority, within the terms and provisions of the 'Labor-Management Relations Act, 1947' and other applicable law, with respect to questions of coverage and eligibility, priorities among classes of benefits, amounts of benefits, methods of providing or arranging for provisions for benefits, investment of trust funds, and all other related matters."

2. Plaintiff, Charles Bolgar, made application to the Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, for a pension on January 25, 1954.

3. The requirements of eligibility promulgated by the Trustees which the Plaintiff was required to meet and upon which his application was denied are as follows:

(1) Completed twenty (20) years service in the coal industry in

the United States, its possessions or territories, or the Dominion of Canada within the thirty (30) year period immediately preceding his application for pension.

(2) Retired from or ceased work in the Bituminous Coal Industry subsequent to May 28, 1946, following regular employment in a classified job and was regularly employed in a classified job in the coal industry immediately preceding May 29, 1946; provided further that if he had retired from or ceased working in the Bituminous Coal Industry prior to May 28, 1946, he shall be eligible for a pension only upon the completion of twenty (20) years service in the Bituminous Coal Industry and meets the other requirements of eligibility as contained in Paragraphs A and B and its subsections subsequent to May 28, 1946.

4. Plaintiff's pension application was denied by the Defendant Trustees on March 30, 1954 for the assigned reasons that:

(1) Applicant has not established proof of regular employment in a classified job in the coal industry immediately prior to May 29, 1946.

(2) Applicant has not established proof of twenty (20) years' service in the coal industry within the thirty (30) year period immediately preceding the date of his application.

5. The Plaintiff ceased working in the coal industry in 1942 at the Maxwell mine of the United States Steel Corporation and did not work in the coal industry thereafter until he went to work in the coal industry subsequent to May 29, 1946 for the New Century Coal Company, Century, Pennsylvania.

6. The New Century Coal Company was not a signatory to the National Bituminous Coal Wage Agreement during the period of Plaintiff's alleged employment for that company.

7. The New Century Coal Company made no payments to the United Mine Workers of America Welfare and Retirement Fund during the period the Plaintiff allegedly worked for that company.

8. The Plaintiff was not employed in the coal industry in a job classified for twenty years during the thirty years period immediately preceding his application for pension.

9. The Plaintiff was not regularly employed in a classified job in the coal industry immediately prior to May 29, 1946.

10. The Plaintiff does not meet the requirements of eligibility for a pension from the United Mine Workers of America Welfare and Retirement Fund.

## CONCLUSIONS OF LAW

1. The Plaintiff was not an employee at the New Century Coal Company within the term "employee" as set forth in the Labor Management Relations Act, 1947, Title 29 U.S.C. § 186(c) (5), inasmuch as his employer was not a signatory operator to the National Bituminous Coal Wage Agreement and was not a contributing employer.

2. Judicial review of the decision of the Trustees of the United Mine Workers of America Welfare and Retirement Fund in denying Plaintiff's pension application is limited to a determination whether the said Trustees have made any erroneous decisions involving questions of law and whether there is substantial evidence supporting the findings of the Trustees.

3. The Plaintiff has failed to make out a prima facie case which would entitle him to the relief sought, and has failed to establish by his own evidence that he meets the requirements of eligibility established by the Defendant Trustees for pension benefits, and therefore the action of the Defendant Trustees in denying Plaintiff's pension application was proper.

4. The Plaintiff has failed to introduce any evidence that the decision of the Defendant Trustees in denying his pension application was not based upon substantial facts, nor has the Plaintiff shown any evidence that the action of the Defendant Trustees in denying such pension application was arbitrary or capricious.

5. The complaint is therefore dismissed.