**Belen Saez MALAVE, Plaintiff,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant.**

**Civ. No. 74-1335.**

United States District Court, D. Puerto Rico.

Feb. 18, 1975.

Rodolfo Sequeira, Hato Rey, P. R., for plaintiff.

O'Neill & Borges, Eric A. Tulla, Hato Rey, P. R., for defendant.

ORDER

PESQUERA, District Judge.

The issue before this Court is whether when a defendant in a state court files with that court, prior to removal to a federal court, a motion for an extension of time in which to plead submits to the jurisdiction of the state court and thereby waives his right of removal.

This is an action commenced in the San Juan Part of the Superior Court of the Commonwealth of Puerto Rico by plaintiff who filed a complaint on November 5, 1974. On November 11, 1974, defendant filed a motion for a 30 day ex-

tension of time.[1] On December 4, 1974, defendant filed a timely petition to remove the proceedings to this Court pursuant to 28 U.S.C.A. § 1446. On December 18, 1974, plaintiff filed a motion to remand alleging that defendant, in filing its motion for enlargement of time in the Superior Court had submitted to that court's jurisdiction, and thereby waived its right of removal.

█ The Court does not agree with plaintiff's contentions. If the Court would find for the plaintiff, future defendants in Puerto Rico's state courts would be faced with a Hobson's choice of either pleading within ten days after service of process or not to plead and risk default. The practical effect of such a result would be that Rule 10.1 of Puerto Rico's Rules of Civil Procedure requiring a ten days' answer would reduce to only ten days the 30 day period of removal provided for in the federal statute. It has been stated that the purpose of the time limitation prescribed by the removal statute is to make uniform the time for filing petitions for removal. (Dutton v. Moody, D.C., 104 F.Supp. 838; Sunbeam Corp. v. Brazin, D.C., 138 F.Supp. 723).

█ It has further been held that Rule 81(c), F.R.Civ.P., implies that removal is not waived by defendant's request for extension or other proceedings, or even filing an answer in a state court prior to filing a petition for removal in the federal court. (Champion Brick Co. of Baltimore County v. Signode Corp., 37 F.R.D. 2 (D.C.Md.1965) and cases cited therein). *A fortiori,* if to answer a complaint in a state court is not a waiver of defendant's right of removal, seeking an extension of time in which to plead to prevent an entry of default, cannot constitute such waiver.

Wherefore, it is ordered that plaintiff's motion to remand is hereby denied

It is so ordered.

1. Rule 10.1 of Puerto Rico's Rules of Civil Procedure (32 LPRA APP. II Rule 10.1) requires a resident defendant to answer a complaint within ten days after service of complaint and summons.