John **LEONARDIS**, Plaintiff,

v.

**LOCAL 282 PENSION TRUST FUND**,
Defendant.

No. 74 C 1754.

United States District Court,
E. D. New York.

March 18, 1975.

Joseph C. Bottitta, Glen Cove, N. Y., for plaintiff.

Cohen, Weiss & Simon, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The proceeding commenced on November 25, 1974 in the Supreme Court of the State of New York, Nassau County, by service of a summons and complaint. The action was then removed to this Court on December 12, 1974.

The complaint seeks judgment (1) declaring that plaintiff is entitled to a lifetime monthly pension of $330.00 from a pension fund in which his employer participated pursuant to a collective bargaining agreement with his union; and (2) directing the fund to pay such pension.

Plaintiff now seeks an order dismissing the removal petition of the defendant, Local 282 Pension Trust Fund, and remanding this case to the Supreme Court of the State of New York, County of Nassau, in accordance with 28 U.S.C. Section 1447(c), or, in the alternative, granting a transfer to the Westbury Part of this Court.

Plaintiff takes the position that (1) the Federal District Court has no jurisdiction as this is an action for breach of contract and as such is within the original jurisdiction of the Courts of the State of New York; and (2) that this Court lacks exclusive federal jurisdiction which would render removal of this action from state court to federal court improper.

Under the Act of June 25, 1948, Chapter 646, 62 Stat. 937 (28 U.S.C. § 1441), actions are removable generally:

"(a) Except as otherwise expressly provided by Act of Congress, any civil

action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . ."

The defendants contend that the Federal District Court does have jurisdiction because the action is founded on a claim arising under the Laws of the United States, i. e., it is based upon and requires an interpretation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (Taft-Hartley Act), the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., (Pension Reform Act of 1974) and 28 U.S.C. § 1337.

Section 1337 of Title 28 United States Code provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

■ Section 301 of the Labor Management Relations Act and the Pension Reform Act of 1974 are both acts of Congress regulating commerce. 29 U.S. C. § 141(b); 29 U.S.C. § 1001.

Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) reads as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of

the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ It is completely clear that Section 301(a) is both jurisdictional and substantive—that it gives federal courts jurisdiction. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

■ Furthermore, it is well settled that the District Courts have jurisdiction under Section 302 of the Labor Management Relations Act of actions for benefits brought against pension funds within the Taft-Hartley Act. Pavlovscak v. Lewis, 168 F.Supp. 839 (W.D.Pa.1958), aff'd 274 F.2d 523 (3d Cir. 1960). See Moglia v. Geoghegan, 267 F.Supp. 641 (S.D.N.Y.1967), aff'd 403 F.2d 110 (2d Cir. 1968), cert. den. 394 U.S. 919, 89 S.Ct. 1193, 22 L.Ed.2d 453 (1969); Danti v. Lewis, 114 U.S. App.D.C. 105, 312 F.2d 345 (1962); Bolgar v. Lewis, 238 F.Supp. 595 (W.D. Pa.1960).

Moreover, defendant union's status as a labor organization in an industry affecting commerce has previously been determined by the courts. Bruno v. O'Rourke, 222 F.Supp. 612 (E.D.N.Y. 1963); accord, Moglia v. Geoghegan, 267 F.Supp. 641 (S.D.N.Y.1967).

■ Jurisdiction of state courts over suits for violation of collective bargaining agreements is not, however, divested by Section 301(a). Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). "The jurisdiction of state and federal courts over suits for violation of collective bargaining contracts is concurrent." Sheeder v. Eastern Express, Inc., 375 F.Supp. 655, 657 (3d Cir. 1974).

■ The second basis for federal jurisdiction, the Employer Retirement Income Security Act of 1974 (the Pension Reform Act) Section 502(a)(1)(B) created a right, independent of the Taft-Hartley Act, for pension fund beneficiaries, such as the plaintiff, to sue to recover benefits or to otherwise clarify

or enforce their pension rights under Section 502(e)(1) of that Act, the "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

 It is therefore apparent that this Court does have original federal jurisdiction over the subject matter of this suit. Actions of which the District Courts have original jurisdiction are not subject to remand irrespective of whether the plaintiff intended to allege a federal or state claim, if a federal cause of action exists. Francis H. Leggett & Co. v. O'Rourke, 237 F.Supp. 561 (S.D.N.Y. 1964).

Having determined that jurisdiction is concurrent in both the State Court and the Federal Court, we must then rule upon the argument, espoused by plaintiffs, that because there is concurrent jurisdiction over the subject matter removal to the Federal Court is improper and therefore remand would be appropriate.

Under 28 U.S.C. § 1441, authority for removal is found when the State Court action could have originally been brought in Federal Court. Original jurisdiction does not mean exclusive jurisdiction.

In Swift & Company v. United Packinghouse Workers, 177 F.Supp. 511, 514 (D.C.Colo.1959), the Court stated:

"A reading of Section 301(a) clearly shows that Congress has not given the federal courts exclusive jurisdiction. Also, a reading of the statute shows that Congress has not expressly prohibited removal of a cause that was commenced in a state court. The Court, therefore, is of the opinion that plaintiff's cause for damages for breach of the agreement was properly removed to this Court." (Citations omitted.)

Furthermore, the existence of concurrent state and federal jurisdiction does not operate to defeat defendant's right of removal to federal court. Sheeder v. Eastern Express, Inc., *supra;* LaChemise Lacoste v. Alligator Company, Inc., 313 F.Supp. 915 (D.Del.1970); Pollio & Son, Inc. v. Local 816, 242 F. Supp. 684 (E.D.N.Y.1965).

Having decided that the plaintiff's claim falls within the scope of Section 301, 29 U.S.C. § 185, Section 502(e)(1) of the Pension Reform Act of 1974, and 28 U.S.C. § 1337, thereby asserting a claim over which this Court has original jurisdiction, this action was properly removed under 28 U.S.C. § 1441 and plaintiff's motion for remand will be denied.

Plaintiff's motion for a transfer to the Westbury Part of this Court is also denied without prejudice to a renewal thereof when the case is ready for trial.

So ordered.