**Lewis B. HAYES, et al.**

**v.**

**NATIONAL CON–SERV, INC.**

Civ. No. K–81–476.

United States District Court,
D. Maryland.

Sept. 22, 1981.

Edward C. Bou, Washington, D. C., for plaintiffs.

Jacob A. Stein, Michael G. Charapp, and Ronald A. Feuerstein, Washington, D. C., for defendant.

FRANK A. KAUFMAN, Chief Judge.

Plaintiffs commenced this case in the Circuit Court for Montgomery County, Maryland on January 29, 1981. Defendant was served in that court on February 3, 1981 and removed this case to this Court pursuant to 28 U.S.C. § 1441(a) on March 5, 1981.[1]

---

1. The question arises as to whether defendant thereby complied with the 30-day time limita-
tion of 28 U.S.C. § 1446(b), which provides in pertinent part:

In support of its petition for removal, defendant asserts that this case is one in which this federal district court has "original jurisdiction" as those words are used in 28 U.S.C. § 1441(a), because this case "arises under" the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 to 1461 (ERISA), as those words are used in article III, section 2 of the Constitution of the United States and in 28 U.S.C. § 1331(a). Plaintiffs disagree, arguing that this case is not one which "arises under" any federal law.[2]

All three plaintiffs allege that the defendant company, their former employer, entered into employment agreements with each of them, pursuant to which, *inter alia*, each plaintiff is entitled to be paid benefits pursuant to certain pension and profit-sharing plans which defendant never established because, plaintiffs claim, defendant intentionally or negligently failed to take the appropriate steps to achieve qualification of those plans by the Internal Revenue Service (IRS). Plaintiffs assert their positions in two counts, one sounding in breach of contract, the other sounding in negligence, and seek an award of such benefits and damages for denial to them of their lost opportunities to arrange for their own respective individual retirement accounts.

Whether a given case "arises under" federal law has produced much litigation and no clear bright-line test. The seminal case is *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936), in which Justice Cardozo stressed that a right under federal law must be an "element, and an essential one, of the plaintiff's cause of action" and that "[a] genuine and present controversy" involving federal law, and "not merely a possible or conjectural one, must exist." One leading commentator, Professor Mishkin, has suggested that "a substantial claim founded 'directly' upon federal law" is required.[3] Another leading writer, Professor Wright, has opted for a "pragmatic" approach that "recognize[s] that 'the existing doctrines as to when a case raises a federal question are neither analytical nor entirely logical,' and that in the unusual case in which there is a debatable issue about federal question jurisdiction, pragmatic considerations must be taken into account." 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3562, at 414 (1975)

---

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

To resolve that issue, it is necessary to determine whether or not the day of receipt of the pleading is counted for purposes of computing the 30-day limitations period. Fed.R.Civ.P. 6(a) provides that "[i]n computing any period of time prescribed . . . by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." If Rule 6(a) applies, the day defendant received the pleading in the within case should be excluded in computing the 30-day period, and the removal petition would have been timely filed. However, since Fed.R.Civ.P. 82 provides that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States District Courts," it may be that Rule 6(a) is not applicable. Relying on Rule 82, the Sixth Circuit has held that Rule 6(a) should not apply in computing the one-year statute of limitations for actions under the Truth in Lending Act, 15 U.S.C.

§§ 1601 to 1681t; thus, a suit filed on July 1, 1977 upon a contract executed on July 1, 1976 was deemed time barred. *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980). The Fifth Circuit, however, reached the opposite conclusion without considering Rule 82, holding that in computing the limitations period under the Truth in Lending Act, the day of the transaction is excluded under Rule 6(a). *Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.*, 600 F.2d 465 (1979). *See also Boulet v. Millers Mut. Ins. Ass'n*, 36 F.R.D. 99, 100–01 (D.Minn.1964). Herein, in view of this Court's conclusion that for the reasons set forth *infra* in the body of the within opinion, this case must be remanded to the state court, it is not necessary herein for this Court to decide whether Rule 6(a) is or is not applicable.

**2.** Neither plaintiffs nor defendant contend that either diversity jurisdiction under 28 U.S.C. § 1332, or subject matter jurisdiction under any basis other than "federal question" jurisdiction, is present.

**3.** Mishkin, *The Federal "Question" in the District Courts,* 53 Colum.L.Rev. 157, 168 (1953).

(footnotes omitted) [hereinafter cited as Wright & Miller]; C. Wright, Law of Federal Courts 58 (1970 ed.).[4]

In cases in which removal is based on the existence of a federal question, "the federal courts always seek to ascertain the substantive underpinnings of plaintiff's cause of action." 14 Wright & Miller § 3734, at 736 (1976). At first blush, the within case may seem to fall close to the dividing line. But closer examination of the complaint, the attachments to the complaint and the entire record in this case, either separately or as a whole, reveals that plaintiffs are not alleging any violations of ERISA itself or of any regulations promulgated pursuant to it with respect to any existing plan—i. e., are not seeking benefits allegedly wrongfully withheld from them under any existing plan[5] —but rather are claiming that defendant breached its contractual obligations to them by not obtaining the requisite IRS approval or that defendant negligently—tortiously— failed to perform duties owed to plaintiffs. Those claims do not rest upon ERISA or any federal statute or any federal regulation. Rather those claims are grounded in the common law. ERISA's statutory and regulatory standards may well be relevant and material to a determination of whether defendant did breach its contractual or other duties to plaintiffs, but the determination of those matters are collateral, not central, to the asserted breach of duties by defendant.[6] Nor does the record in this case or any part of it establish that ERISA questions so pervade and underlie plaintiffs' claims against defendant as to cause this case under Professor Wright's pragmatic approach to "arise under" federal law in terms of practical considerations. ERISA's statutory and regulatory commands may well be most important to a determination of whether the plans were appropriate, should have been approved by IRS, and were not approved because of any intentionally or negligently wrongful acts or lack of acts on the part of defendant. What rights and benefits plaintiffs may have had if such plans had been established and what damages plaintiffs may have suffered are questions which may well be intertwined with ERISA's statutory and regulatory scheme.[7] But, they are not central to plain-

4. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 41 S.Ct. 243, 244–45, 65 L.Ed. 577 (1921). *See also Barlow v. Marriott Corp.*, 328 F.Supp. 624, 626–28 (D.Md.1971).

5. That by contrast was the situation in *Leonardis v. Local 282 Pension Trust Fund*, 391 F.Supp. 554 (E.D.N.Y. 1975), in which removal jurisdiction was held to have been correctly asserted in the light of plaintiff's claim for benefits allegedly wrongfully withheld from him by the defendant trustee. Herein, the defendant is the company—the employer—which allegedly wrongfully failed to establish the plan. Even if the plan in question herein had been in existence, however, that would not necessarily mean that this case "arises under" ERISA. In *Barlow v. Marriott Corp.*, 328 F.Supp. at 628, this Court stated:

Judged under any of those tests, the within action is deficient, since, when one stands back and takes a look at the entire factual and legal framework of this case, the conclusion is inescapable that the "rights" plaintiffs seeks to enforce in this Court are those which plaintiffs contend are created by the plan as it was originally enacted. Noncompliance with the Internal Revenue Code is collateral to the resolution of the dispute over those rights. To paraphrase Professor Mishkin, plaintiffs do not have a substantial claim

founded directly upon federal law, and, as Professor Wright suggests, there are present "pragmatic considerations," which strongly militate against the acceptance of jurisdiction in this case merely because the contracting parties may have contemplated the availability of certain tax benefits under federal law.

6. *See Woods v. Lake Drive Nursing Home, Inc.*, 503 F.Supp. 183, 184–85 (D.Md.1980) (Young, J.). *See generally, Wham-O Mfg. Co. v. All-American Yo-Yo Corp.*, 377 F.Supp. 993, 994–95 (E.D.N.Y. 1973); *Barlow v. Marriott Corp.*, 328 F.Supp. 624, 628 (D.Md.1971); *Morrison v. Jack Richards Aircraft Co.*, 328 F.Supp. 580, 583 (W.D.Okla.1971); *Meyerhoff v. Garten*, 232 F.Supp. 363, 367 (D.Md.1964) (Thomsen, C. J.).

7. ERISA contains a federal preemption as to state pension regulation laws. 29 U.S.C. § 1144(a). *See Martin v. Bankers Trust Co.*, 565 F.2d 1276, 1278 (4th Cir. 1977); *Lederman v. Pacific Mut. Life Ins. Co.*, 494 F.Supp. 1020, 1022 (C.D.Cal.1980). *Cf. Pocahontas Terminal Corp. v. Portland Bldg. & Constr. Trade Council*, 93 F.Supp. 217, 223 (D.Me.1950) (Clifford, J.) (National Labor Relations Act). But that preemption does not cause every case in which ERISA is involved to "arise under" federal law. By way of contrast, it is to be noted that the

tiffs' basic contentions of breach by defendant to plaintiffs of duties owed by defendant to plaintiffs.[8] The mere involvement of ERISA does not necessarily mean that the "arising under" test is met.[9]

The party, herein the defendant, invoking removal subject matter jurisdiction of a federal court has the burden of showing that that jurisdiction exists.[10] The general rule seems to be that a defendant who has so removed a case must establish the existence of jurisdiction from the complaint filed by plaintiffs.[11] However, if the complaint itself is unclear or silent as to a jurisdictional element, the entire record may be available to prove that element,[12] at least with regard to matters such as the status of a defendant, though perhaps not

as to the existence of a federal question.[13] Further, it may be that in a given case, an evidentiary hearing may be required to determine certain jurisdictional facts.[14] But herein whether the complaint or the entire record is examined in whole or in part, there are no disputed facts[15] and there is nothing to establish that plaintiffs' case rests upon the resolution of any interpretation or application of any federal statute or federal regulation as opposed to a determination of what duties defendant owed to plaintiffs and whether defendant performed said duties, if any existed. Some facet of the relief plaintiffs ask for herein could so rest upon federal law, but even if that be assumed, *arguendo* only, plaintiffs by establishing that possibility have not

fact that a complaint filed in state court does not specifically mention the relevant federal statute does not itself prevent removal, *Nance v. Jackson*, 56 F.R.D. 463, 467 (M.D.Ala.1972) (Johnson, J.); *Levitt & Sons, Inc. v. Prince George County Congress of Racial Equality*, 221 F.Supp. 541, 544 (D.Md.1963) (Thomsen, C. J.); *Central Metal Prods., Inc. v. UAW, Local 1249*, 195 F.Supp. 70, 71–72 (E.D.Ark.1961), unless the plaintiff has both state and federal claims but has elected to proceed only under the state claim. In that latter instance, removal may not be accomplished. *Eversole v. Metropolitan Life Ins. Co.*, 500 F.Supp. 1162, 1170 (C.D.Cal.1980); *Nance v. Jackson, supra; Levitt & Sons, Inc. v. Prince George's County Congress of Racial Equality, supra.*

8. If federal law is sufficiently basic or essential to the determination of a plaintiff's claim, then that claim may be deemed to arise under federal law even though the underlying cause of action is state related. Professor Wright's "pragmatic" approach would appear so to suggest. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 41 S.Ct. 243, 244–45, 65 L.Ed. 577 (1921); *America Invs-Co Countryside, Inc. v. Riverdale Bank*, 596 F.2d 211, 215–17 (7th Cir. 1979). *Smith*, discussed in 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3562, at 412–13 (1975), was decided before *Gully* but may retain its validity. *See Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp.*, 348 U.S. 437, 450 & n.18, 75 S.Ct. 489, 495 & n.18, 99 L.Ed. 510 (1955) (Frankfurter, J.) (plurality opinion).

9. *See, e. g., Eversole v. Metropolitan Life Ins. Co.*, 500 F.Supp. 1162, 1170 (C.D.Cal.1980); *O'Brien v. Sperry Univac*, 458 F.Supp. 1179 (D.D.C.1978); *McNeil v. Suffolk Co. Painters Ins., Welfare, Vacation & Welfare Supplement*

*Funds*, 431 F.Supp. 387 (E.D.N.Y.1977); *Barlow v. Marriott Corp.*, 328 F.Supp. 624 (D.Md. 1971).

10. Thus, in *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976), Judge Pell stated: "It is well established that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance." *See also R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979); *Rollwitz v. Burlington N. R. R.*, 507 F.Supp. 582, 584 n.1 (D.Mont.1981).

11. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343–45 (3d Cir. 1974) (Aldisert, J.), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).

12. *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976); *Winters Gov't Sec. Corp. v. NAFI Employees Credit Union*, 449 F.Supp. 239, 241–42 (S.D.Fla.1978); *Johnson v. Alexandria Scrap Corp.*, 445 F.Supp. 1171, 1176–77 (D.Md.1977); 14 Wright & Miller § 3734.

13. *See* 14 Wright & Miller § 3722, at 561–64.

14. *See Kerbow v. Kerbow*, 421 F.Supp. 1253, 1259 (N.D.Tex.1976).

15. Seemingly there are no factual disputes presented by any part or all of the record herein as to the existence of a federal question. That situation apparently also prevailed in *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655–56 (2d Cir. 1979).

# 1038

met their burden of showing that this case "arises under" any combination of federal statutory or regulatory provisions.[16] Judge Russell made that clear in *Burgess v. Charlottesville Savings & Loan Ass'n*, 477 F.2d 40, 44 (4th Cir. 1973),[17] in which plaintiff contended that defendant had failed to purchase certain credit life insurance as required by a loan agreement between the defendant as lender and plaintiff and her husband as borrowers. The Truth in Lending Act, 15 U.S.C. §§ 1601 to 1681t, was involved, but only collaterally, and the core of the controversy itself was embodied within state law relating to contractual rights and duties. Judge Russell thus held that removal jurisdiction had been improperly accepted by the district court.[18]

As suggested at the outset of this opinion, there is no bright line test available for easy application. But the standards evolved by the courts in many cases place this case on the wrong side of the line which defendant must cross, not just touch, in order successfully to oppose plaintiffs' remand motion. Accordingly, said motion will be granted by an appropriate order.[19]

**16.** The fact that a federal question may come into the case by way of defense does not transform the case into one "arising under" federal law. *See McCorkle v. First Pa. Banking & Trust Co.*, 459 F.2d 243, 250 (4th Cir. 1972), and cases cited therein.

**17.** *See also McCorkle v. First Pa. Banking & Trust Co.*, 459 F.2d at 250.

**18.** In reaching that conclusion, Judge Russell wrote:

To satisfy the statutory jurisdictional requirement, a federal right must be a "real and substantial" issue in the case and "must be an element of the *plaintiff's* cause of action" (Italics in opinion). It is often true that, "[A] mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach." Simply stated, an action arises under federal law only if it "really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." In ascertaining whether there is a real federal issue upon "which the result depends", the Courts have observed "the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible" and federal question jurisdiction attaches only "to cases where the plaintiff's cause of action, *the rule of substance under which he claims the right to have a remedy*, is the product of federal law." (Italics added.)

It is plain that, giving effect to the principles just stated, federal subject-matter jurisdiction is absent in this case. The real basis on which plaintiff plants her cause of action is an alleged contract or agreement to procure insurance, the breach of which, under her theory, gave rise to an action both in contract and in tort under the law of Virginia. It is true the alleged agreement had its "origin" in a notice form intended by the defendant as compliance with the Act and the Regulations issued by the Federal Reserve System. That, however, was purely coincidental. Whether the form was one designed to comply with the Truth in Lending Act or not was unimportant; the basic issue in the case was whether the language used by the defendant in its form of loan application was sufficient to be the basis for the creation of a contractual right and that issue, all parties agree, is determinable solely by Virginia law, not federal law. In no sense can it be said that the plaintiff's cause of action is grounded on the Truth in Lending Act or will be dependent on a construction of that Act.

*Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d at 44 (footnotes omitted).

**19.** In view of this Court's holding as to the "arising under" issue, it is not necessary to reach herein the question of whether removal is proscribed by the concurrent jurisdiction provision in ERISA, 29 U.S.C. § 1132(a), and by the limitation, if any, on such concurrency brought about by 29 U.S.C. § 1332(a)(1)(B) and (e)(1). *See Lederman v. Pacific Mut. Life Ins. Co.*, 494 F.Supp. 1020, 1022–23 (C.D.Cal.1980). *But see Guthrie v. Dow Chem. Co.*, 445 F.Supp. 311, 314–15 (S.D.Tex.1978); *Buck v. Union Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 70 F.R.D. 530 (E.D.Tenn.1975); *Leonardis v. Local 282 Pension Trust Fund*, 391 F.Supp. 554, 556–57 (E.D.N.Y. 1975). *See also* H.R.Rep.No.93–1280, *reprinted in* 1974 U.S. Code Cong. & Ad.News 5038, 5107. For cases in which the existence of concurrent jurisdiction between the state and federal courts has been held not to defeat removal, *see Leonardis v. Local 282 Pension Trust Fund*, 391 F.Supp. 554, 557 (E.D.N.Y.1975); *DiAntonio v. Pennsylvania State Univ.*, 455 F.Supp. 510, 512 (M.D. Pa.1978); *Berg v. Watson*, 417 F.Supp. 806, 808 n.1 (S.D.N.Y. 1976); *La Chemise Lacoste v. Alligator Co.*, 313 F.Supp. 915, 918 (D.Del. 1970), *rev'd on other grounds*, 506 F.2d 339 (3d Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). To the same effect,

in connection with the concurrent jurisdiction provision of the Agricultural Adjustment Act, 7 U.S.C. § 1365, *see Beckman v. Graves*, 360 F.2d 148, 149 (10th Cir. 1968); 14 Wright & Miller & Cooper, § 3729, at 713. For differing views in connection with the concurrent jurisdiction provision of the Fair Labor Standards Act, 29 U.S.C. § 216, *compare Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir. 1947), decided before a 1948 amendment to 28 U.S.C. § 1441(a), *with Hill v. Moss-American, Inc.*, 309 F.Supp. 1175 (N.D.Miss.1970), and *see* the discussion and cases cited in *Johnson, supra*, and 14 Wright & Miller § 3729, at 712–13.