**Charlie DIAZ, Plaintiff,**

v.

**SWISS CHALET, Dun & Bradstreet, Iraida Charriez, Eladio Castro, John Doe Insurance, Fulana De Tal Insurance, Defendants.**

**Civ.No. 81–1472.**

United States District Court,
D. Puerto Rico.

Oct. 6, 1981.

José Meléndez-Figueroa, Rio Piedras, P. R., for plaintiff.

Sigrid López-González, Old San Juan, P. R., Pedro Pumarada, San Juan, P. R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This action is before us on plaintiff's opposition to defendant's petition for removal which we will treat as a motion to remand.

Co-defendant, Swiss Chalet, Inc. filed a petition for removal on August 5, 1981 wherein it is alleged that this court has jurisdiction pursuant to the provisions of 28 U.S.C. Section 1331(a) and 15 U.S.C. Section 1692 (Fair Debt Collection Practices Act) and that this case is proper for removal pursuant to 28 U.S.C. Section 1441.

Plaintiff's contention against this removal is two-fold. First, he calls our attention to defendant's failure to properly allege federal question jurisdiction and second, he asserts that the removal is untimely.

It should be noted that under the removal statute, 28 U.S.C. Section 1441(b), where there is not diversity (as in the present case) a defendant's power to remove turns upon whether the plaintiff's claim arises under federal law within the meaning of Section 1331. *Debevoise v. Rutland Ry. Corp.*, 291 F.2d 379 (2d Cir. 1961), *cert. den.*, 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77. This is so, because the general principles governing federal question subject matter jurisdiction under Section 1331 and the class of cases covered by said section apply to the removal of cases involving federal law pursuant to Section 1441(b). See Wright and Miller, *Federal Prac. & Proced.*, Vol. 14, Section 3722, p. 556; *Brough v. United Steelworkers of America, AFL–CIO*, 437 F.2d 748 (1st Cir. 1971).

Accordingly, for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer and the petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Company*, 506 F.2d 339 (3rd Cir. 1974), *cert. den.*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94, *reh. den.*, 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975). If it does not appear there, "no statement in the petition for removal ... of the defendant corporation can supply that want, under the (then) existing act of Congress." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S.Ct. 654, 657, 38 L.Ed. 511 (1894). More recently the court reiterated: "(t)he federal questions 'must be disclosed upon the face of the complaint...'" *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–128, 94 S.Ct. 1002, 1003–1004, 39 L.Ed.2d 209 (1974) (per curiam).

However, "the cases are in conflict whether the court may look to any pleadings beyond the complaint that may exist, or to the petition for removal, when the nature of plaintiff's claim is not obvious

from the original complaint." Wright & Miller, *Federal Prac. & Proced.*, Vol. 14, Section 3734, p. 736. It seems to be that the accepted practice is that the court may resort to the petition for removal where federal jurisdiction hinges on a party's having a certain status, but that only the complaint will be examinéd for the purpose of ascertaining the existence of a federal question. *Gully v. First National Bank, supra; La Chemise Lacoste v. Alligator Company, supra.*

 In the instant action codefendant filed a skeletal petition for removal which was unaccompanied by the complaint.[1] It is our duty to consider the pleadings as they exist at the time of removal, that is, we must examine the record as it stands at the time the petition for removal is filed. *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219 (5th Cir. 1976). Nevertheless, defendant always has the burden of establishing that removal is proper. *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174 (8th Cir. 1978); *Jones v. General Tire and Rubber Co.,* 541 F.2d 660 (7th Cir. 1976). Codefendant herein has failed to meet that burden.

Aside from a perfunctory mention of the statutory provisions under which it intends to prosecute the removal, codefendant makes no real and effective effort to disclose and explain in what way are the federal law, the Constitution or treaties of the United States involved in plaintiff's claim. We would be emphasizing the obvious when we say that for federal jurisdiction to exist, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one of plaintiff's cause of action and the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First National Bank, supra.*

 Thus, it is not sufficient to merely allege that a federal statute is involved in an action in order to maintain federal jurisdiction. It is necessary, in addition, that the complaint assert a claim founded directly upon federal law and such claim must be essential to plaintiff's cause of action. *PAAC v. Rizzo,* 502 F.2d 306 (3rd Cir. 1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). A suit does not arise under the laws, treaties or Constitution of the United States unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law upon the determination of which the result depends. Applying the above criteria, we must conclude that codefendant Swiss Chalet has not established that this suit arises under the laws, treaties or Constitution of the United States. See also *San Juan Legal Services, Inc. v. Legal Services Corp., et al.,* 655 F.2d 434 (1st Cir., 1981).

 But even if we assume that federal question jurisdiction has been properly established as a basis for removal, we conclude that this action must be remanded to the state court because it is untimely within the provisions of 28 U.S.C. Section 1446(b).

Section 1446(b) requires that the petition for removal of a civil action be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter."

The present petition for removal reveals, at page 1, paragraph 1, that the summons and complaint in the state court were served upon codefendant on June 17, 1981. Thereafter, the petition for removal was filed on August 5, 1981. Forty-nine (49) days had elapsed. Other codefendants

---

**1.** This defect alone should be enough for us to treat the petition for removal as deficient and remand to the state court.

joined the petition for removal on August 10, 1981. Their motion is even more schematic and lacking in detail than the one filed by Swiss Chalet and consequently, cured none of its defects.

 We must emphasize that the thirty-day time limitation set forth in section 1446(b) is mandatory and must be strictly construed in accordance with the computation principles in Rule 6 of the Federal Rules of Civil Procedure. *U.S. ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975), *cert. denied*, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975); *Gale v. Smock*, 64 F.R.D. 330 (D.C.Iowa 1974). This period will not be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations or court orders. *Upgrade Corp. v. St. Regis Paper Co.*, 417 F.Supp. 21, affirmed without opinion, 541 F.2d 283 (7th Cir. 1976).

Defendants cannot avoid the fact that if the case was removable, they knew of said removability at the time they were served. It is from that moment that the thirty-day period to file the petition for removal commenced to run. So, if no petition was filed within that period, we must dismiss. *London v. United States Fire Insurance Co.*, 531 F.2d 257 (5th Cir. 1976); *U.S. ex rel. Walker v. Gunn, supra.* See also *Irving Trust Co. v. Century Export and Import, S.A.* (D.C.N.Y. 1979), 464 F.Supp. 1232.

After the above Opinion and Order was completed, codefendant Swiss Chalet filed a reply to defendant's motion to remand. We are still unpersuaded. In its reply Swiss Chalet copies paragraph 17 of the complaint in an effort to establish federal question jurisdiction. But clearly, the allegations in that paragraph fall short of the test to establish federal question jurisdiction as explained earlier.

 *Malavé v. Sun Life Assurance Company of Canada*, 392 F.Supp. 51 (D.C.P. R.1975), cited by Swiss Chalet in support of its contention that the removal was timely, is inapposite. In *Malavé*, defendant, facing a 10-day period to answer the complaint, filed in the state court a motion requesting an extension of time to plead. Thereafter, he filed a petition for removal within the 30-day period allowed in Section 1446(b). The court ruled correctly that the petition was timely and pointed out that a contrary ruling would reduce the 30 days the time allowed by federal law to file a petition for removal. Swiss Chalet's contention is that since it filed a motion for extension of time in the Superior Court which was granted, and since it filed its petition for removal within the extension granted, the removal was timely. State laws, regulations or orders from state judges cannot shorten or expand a period of time granted in federal law for the benefit of litigants. Acceptance of Swiss Chalet's argument would be tantamount to the abrogation of the 30-day period of time provided in Section 1446(b) to remove a case. A defendant in the state courts would then have as much time to remove as extensions of time to plead he can obtain from state judges. Such a result, of course, cannot be permitted.

WHEREFORE, in view of the foregoing, it is ordered that this case be and it is hereby remanded to the Superior Court of Puerto Rico, San Juan Part.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.