**Sylma M. Cuevas PADRO, et al., Plaintiffs,**

v.

**INTERNATIONAL INSTITUTE OF the AMERICAS, et al., Defendants.**

**Civ. No. 84–2686(PG).**

United States District Court,
D. Puerto Rico,
San Juan Division.

Nov. 5, 1984.

Jesús M. Rivera Arvelo, San Juan, P.R., for plaintiffs.

Angel L. Medina Arana, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiffs commenced this case in the Superior Court of Puerto Rico, San Juan Part, on October 25, 1984. On October 26, 1984, Ronald C. Bauer, one of the defendants, removed the case to this Court pursuant to 28 U.S.C. § 1441(b). In support of his petition for removal co-defendant asserts, in essence, that this case is one in which this federal district court has "original jurisdiction" pursuant to 28 U.S.C. § 1331 because plaintiffs' claim arises under a federal statute, namely, the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1701, *et seq.*

■ Although plaintiffs have not filed a motion to remand this case to the state court, it is incumbent upon this Court to determine, *sua sponte,* whether it has subject matter jurisdiction in this case, and hence, whether the case was properly removed. *See, González-Román v. Federal Land Bank of Baltimore,* 303 F.Supp. 482, 483 (D.P.R.1969); 14 Wright, Miller & Cooper, *Federal Practice & Procedure:* Jurisdiction § 3739 at 756–57 (1976) and cases cited therein. Defendant Bauer removed the case pursuant to 28 U.S.C. § 1441(b), which provides for removal of cases presenting "a claim or right arising under the Constitution, treaties or laws of the United States...." In cases like the one at bar, in which removal is based on the existence of a federal question, "the federal courts always seek to ascertain the substantive underpinnings of plaintiff's cause of action." 14 Wright, Miller & Cooper, *supra,* § 3734, at 736. Moreover, the general rule requires that the federal question must constitute an "essential element" of the plaintiff's claim. *See, e.g., Gully v. First National Bank,* 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Diaz v. Swiss Chalet,* 525 F.Supp. 247, 249 (D.P.R.1981) (quoting *Gully, supra* ).

■ However, a question remains as to what pleadings or documents may the court look to in ascertaining the existence of a federal question, and hence, the propri-

ety of the removal. To this effect, it has been said that "the cases are in conflict whether the court may look to any pleadings beyond the complaint that may exist at the time of removal or to the petition for removal, when the source or substantive nature of plaintiff's claim is not obvious from the language of the complaint." 14 Wright, Miller & Cooper, *supra*, § 3722, at 561–64 and § 3734. The United States Court of Appeals for the First Circuit, in a recent decision, seems to have laid this point to rest when it emphasized that "in deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to *plaintiff's complaint* to find the answer." *Hernández Agosto v. Romero-Barceló*, 748 F.2d 1 at 2 (1st Cir.1984) (per curiam) (emphasis in original) (quoting *Gully, supra; Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, ——, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)). Cf. *Diaz v. Swiss Chalet*, 525 F.Supp. at 249. It, therefore, seems settled, at least within the First Circuit, that in determining whether a case is one arising under federal law for removal purposes, the "elements of the federal claim [must] appear on the face of the state court complaint, *without* reference to other documents," *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 3 (1st Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983), as said complaint stands at the time the petition for removal is filed and the case seeks entry into the federal system. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); 14 Wright, Miller & Cooper, *supra*, § 3722, at 557–59.

■ Moreover, it is also well established that a defendant seeking to remove a case from state to federal court has the burden of establishing that removal is proper. *Diaz v. Swiss Chalet*, 525 F.Supp. at 249; *Pan American Pharmaceutical, Inc. v. Sherman Laboratories, Inc.*, 293 F.Supp. 713 (D.P.R.1968). To meet his burden, the defendant must establish the existence of jurisdiction from the complaint filed by the plaintiff in the state court. *Hayes v. National Con-Serv, Inc.*, 523 F.Supp. 1034, 1037 (D.Md.1981).

■ Applying the above principles to the case at bar, we conclude that the case was improvidently removed and that the same must be remanded to the state court. Defendant has absolutely failed to meet his burden of establishing the propriety of the removal. Aside from a perfunctory reference to the federal statute (the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1701, *et seq.*) and to the regulations—whichever those may be—of the United States Department of Education and of the Middle States Association, under which he alleges plaintiffs' claim arises, defendant makes no real and effective effort to explain the way in which federal law is involved in plaintiffs' claim. It is not sufficient for defendant to merely allege that a federal statute is involved in an action in order to establish the removal jurisdiction of the federal court. Cf. *Diaz v. Swiss Chalet*, 526 F.Supp. at 249. Instead, the defendant must establish that plaintiffs' suit "really and substantially involves a dispute or controversy respecting the validity, construction or effect of [a federal] law upon the determination of which the result depends," *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912), and defendant herein has clearly failed to do just that.

Moreover, our own examination of plaintiffs' state court complaint convinces us that there is nothing to establish that plaintiffs' case rests upon the resolution of any interpretation or application of any federal statute or regulation. The complaint itself makes no reference to federal law; instead, it bases its right to an injunction entirely upon the law of the Commonwealth of Puerto Rico, namely, 32 L.P.R.A. § 3521, *et seq.* Thus, we are convinced that, under *Gully, Franchise Tax Board, Hernández Agosto, Bonanno*, and a host of other

cases, § 1441(b) does not authorize removal of this case to federal court.

WHEREFORE, in view of the above, it is hereby ORDERED that this case be and is REMANDED to the Superior Court of Puerto Rico, San Juan Part.

IT IS SO ORDERED.